# Commonwealth v. Rusic, Appellant.

*Criminal Law—Murder—Charge of court—Reasonable doubt.*

1. On a trial of an indictment for murder, where the undisputed testimony establishes that the accused shot his victim by deliberately holding his pistol so close to her head as to leave deeply stained powder marks upon her skin, and where the court's charge as a whole is a correct and adequate presentation of the law, leaving the jury absolutely free to reach their own conclusion, it is not error for the court to say, in the course of its instructions: "If there is a reasonable doubt that he did the shooting, he is entitled to an acquittal. But in the light of all the testimony, can there be a reasonable doubt of his guilt?"

2. On the trial of an indictment for murder, where the fact of a deliberate and intentional killing is shown, the inability to prove the motive does not disprove the crime.

*Practice, O. & T.—Amendment to record—Expiration of term.*

3. The court of oyer and terminer has the power to amend the record of a trial of an indictment for murder so as to make it conform to the truth, even after the term has expired.

Argued Oct. 17, 1910. Appeal, No. 146, Oct. T., 1910, by defendant, from judgment of O. & T., Allegheny Co., March T., 1910, No. 14, on verdict of guilty in case of Commonwealth of Pennsylvania v. Steve Rusic. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Indictment for murder. Before Brown, P. J., presiding, McFarlane and Ford, JJ.

The facts appear in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed.

*Errors assigned* were (1) portion of charge quoted in the opinion of the Supreme Court, and (11) in permitting an amendment to the record after expiration of the term.

*Charles Gulentz,* for appellant.

*William A. Blakeley,* district attorney, and *Harry H. Rowand,* assistant district attorney, for appellee, were not heard.

Opinion by Mr. Justice Potter, January 3, 1911:

The appellant was convicted in the court below of murder of the first degree, and has brought the record here for review. In the first assignment of error counsel for appellant complain that the court below erred in unduly emphasizing the lack of ground for reasonable doubt, in instructing the jury as follows: "If there is a reasonable doubt that he did the shooting, he is entitled to an acquittal. But in the light of all the testimony can there be a reasonable doubt as to his guilt?" It is further argued that in the portion of the charge assigned for error in the second, third and fourth assignments, the court unduly assumed that under the evidence there could be no reasonable doubt that the appellant shot and killed Mrs. Domboy. We are not so impressed, in read-

ing the charge as a whole.  While it would have been
difficult for the jury to draw from the undisputed evi-
dence, any other inference than the guilt of the appellant,
yet it is clear that the judge did not attempt to control
the jury as to their finding in this respect.  He left them
entirely free to reach their own conclusion under the evi-
dence, and instructed them properly that the burden was
upon the commonwealth to establish beyond a reasonable
doubt that appellant was guilty of doing the shooting.
The facts as shown by the undisputed evidence were, that
Mrs. Domboy lived with her husband and two adult
children in two rooms in a certain house containing four
rooms, the other rooms being occupied by another fam-
ily.  The room on the first floor was occupied by Domboy
and his wife; the room on the second floor by their board-
ers, of whom the appellant was one; and to gain admis-
sion to this apartment it was customary for the boarders
to go through the room of the Domboys.  On the night
of the killing it is not clear how the appellant, Steve
Rusic, gained admission, but it is clear that it was not
through the usual way.  However, at about 11: 30 in the
evening Louis Domboy was awakened by the voice of
his wife who was pleading with the appellant, Steve
Rusic, to leave her alone and go to his room.  Domboy's
attention being called, he observed the appellant pulling
the hair of his wife: He (Domboy) then spoke to Rusic,
requesting him to go to bed, whereupon Rusic replied
"Son to you" (this being a literal interpretation of a
phrase used by the Croatians as an insulting remark)
"you will speak no more;" and immediately fired three
shots, one shot striking Mrs. Domboy, and one passing
immediately over her head as she lay on the bed, and the
other pointed at and intended for Domboy as he sprang
from the bed and made toward the appellant.  Rusic
thereupon left the room, went upstairs, removed the
empty shells from the revolver, went downstairs again
with the revolver in his hand, passed through the kitchen
of the other apartment of the house, and warned the oc-

cupants in that room not to make so much noise. He then went to a friend's home at a distance requiring a walk of ten minutes, obtained admission and told his friend and his wife that he had shot some person, a man or a woman. He then gave the revolver to his friend who opened it and discovered one full cartridge. The next morning a police officer went to the house in which appellant was, and placed him under arrest, he at that time also telling the officer he had shot some person the night before, and did not know whether it was a man or a woman.

No testimony whatever was offered in behalf of the defense, but the trial judge instructed the jury that the burden was upon the commonwealth to establish beyond a reasonable doubt that the appellant was the guilty party. The definition of a reasonable doubt was set before the jury in terms to which no exception could be taken. This was followed by the instruction that if the jury found there was no reasonable doubt that the appellant killed Mrs. Domboy, it would then be their duty to determine the grade of the crime. The learned trial judge then put before the jury the language of the statute as to the degrees of murder, and gave to them the definition of the terms "willful," "deliberate" and "premeditated" killing, substantially in language which has been many times approved by this court. The testimony shows that the appellant evidently shot Mrs. Domboy intentionally, by deliberately holding his pistol, a deadly weapon, so near to her head as to leave deeply stained powder marks upon the skin. It is true there was no evidence of a quarrel and a definite motive for the crime did not appear; but the fact of a deliberate and intentional killing was shown. When the fact appears the inability to discover the motive does not disprove the crime: Lanahan v. Com., 84 Pa. 80. From the nature and use of the weapon, and from the acts and conduct of the prisoner, we think his intention to kill was fairly and justly to be inferred; and that the time used in the commission of the crime,

and opportunity offered for deliberation, were sufficient to justify the conviction that his purpose was willful and premeditated. There can be no doubt but that the ingredients of murder of the first degree were shown by the evidence. We are satisfied that the charge as a whole, while very compact and concise, was a correct and adequate presentation of the law, as applied to the testimony in the case. At the close of the charge, counsel for appellant when asked if they desired anything else to be brought to the attention of the jury, said they had nothing to suggest.

The eleventh assignment of error, which suggested error in the allowance of a slight amendment to the record, made after the expiration of the term, was not pressed in the argument. The minutes of the trial, as originally entered by the clerk, did not show that the motion for a new trial, filed by defendant, was argued before the court in the presence of the defendant, Steve Rusic; and did not show that he was present in the court at the time of the refusal of a new trial, and when sentence was imposed upon him. As a matter of fact, he was present upon these occasions, and the amendment was allowed for the purpose of making the record conform to the fact in these respects. There can be no doubt of the power of the court to amend its record so as to make it conform to the truth, even after the term has expired. See Crew, Levick & Co. v. McCafferty, 124 Pa. 200, and cases there cited.

We find no merit in any of the assignments of error, and they are all dismissed.

It is ordered that the judgment be affirmed and the record remitted to the court below, that the sentence may be executed.