## Commonwealth ex rel. Wing, Appellant, *v.* Claudy.

Argued March 24, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Valera Grapp,* for appellant.

*Damian McLaughlin,* District Attorney, with him *Lindley R. McClelland,* Assistant District Attorney, for appellees.

OPINION BY MR. JUSTICE BELL, April 22, 1952:

In this appeal from an Order of the court below dismissing a petition and rule for a writ of habeas corpus, the only important question to be resolved is whether the record affirmatively shows the presence of the petitioner at all stages of the proceedings against him.

In November, 1929, petitioner, while represented by two counsel, was arraigned and pleaded guilty to murder. The crime was determined to be murder in the first degree and he was sentenced to life imprisonment. In August, 1951, he filed a petition for writ of habeas corpus alleging many reasons, all but two of which were abandoned. Only one contention merits discussion, viz.: that the record does not affirmatively show that he and his counsel were present at the time of the arraignment, plea and sentence.

The law is clearly settled as stated by Chief Justice MAXEY in *Commonwealth v. Johnson,* 348 Pa. 349, 35 A. 2d 312: "The principle has long been established in our criminal jurisprudence that in capital cases the record must show that the prisoner was present at the trial, verdict and at the passing of the sentence: Dunn v. Com., 6 Pa. 384. . . . This principle was reiterated in

Com. v. Silcox, 161 Pa. 484, 496, 29 A. 105, where we said: 'In capital cases the record must show affirmatively that the prisoner was present at every stage of the proceedings against him.' " We must therefore examine the record to determine whether it affirmatively shows that the prisoner was present at the arraignment, trial, verdict, sentence and at every stage of the proceedings against him.

"Arraignment" is thus defined in 22 C. J. S. Criminal Law, §406, page 625: "To arraign a prisoner is to call him to the bar of the court to answer the accusation contained in the indictment, and the arraignment consists of calling the prisoner to the bar and identifying him, reading the indictment to him, or furnishing him with a copy of it and taking his plea".

"Arraignment" according to Bouvier's Law Dictionary, Third Revision, Eighth Edition, Volume 1, page 239, is: "Calling the defendant to the bar of the court to answer the accusation contained in the indictment".

The record is as follows:

"IN THE COURT OF QUARTER SESSIONS OF THE PEACE AND OYER AND TERMINER FOR THE COUNTY OF ERIE, PENNSYLVANIA

No. 1 November Sessions, 1929.

COMMONWEALTH OF PENNSYLVANIA

v.

GEORGE WING

MURDER                         SGT. WM. JONES, PRO.
                                                    JAIL

---

"QUARTER SESSIONS DOCKET ENTRIES.

"November 4, 1929, A True Bill.

Upon petition of Defendant, George Wing, asking the Court to appoint Counsel to represent him the

following Order was made: November 7, 1929, Orson J. Graham and Bernard T. Foley appointed. WILLIAM E. HIRT, J.

"November 12, 1929, Certified into Oyer and Terminer.

"November 12, 1929, the Defendant being arraigned, pleads guilty as indicted, before WILLIAM E. HIRT, Judge.

"November 25, 1929, Court of Oyer and Terminer opened at 2:00 o'clock P.M., HON. WILLIAM E. HIRT, Judge, on the Bench. The Court proceeded to hear the testimony of the witnesses called, in order to determine the degree of guilt of the Defendant, the Prisoner being in Court during the entire session of the Court. Court adjourned at 5:30 o'clock P.M.

"November 27, 1929, Opinion and determination of the Degree of Crime, filed as follows: . . . And now, to-wit, November 27th, 1929, the Court having proceeded by examination of the witnesses to determine the degree of the crime in this case, after careful consideration and reflection, does, in open Court in the presence of the defendant and his counsel, determine the degree of the crime and adjudge the defendant, George Wing, guilty of murder in the first degree. PER CURIAM, WILLIAM E. HIRT, J.

Degree of crime determined to be murder in the first degree after hearing and argument.

"November 27, 1929, AND NOW, the Court sentence the defendant, George Wing, to undergo an imprisonment in the Western Penitentiary, of Pennsylvania, (situate in the County of Allegheny,) by separate or solitary confinement at labor, for and during the term of his natural life from this date, there to be kept, fed, clothed and treated as the law directs, and stand committed until the sentence be complied with. Per Curiam, WILLIAM E. HIRT, J."

This record affirmatively shows that the petitioner was present in court at every stage of the proceedings against him. Petitioner does not contend that he was in fact not present on all of these occasions. The trial judge has written a letter that because of some unusual features of the case he has a distinct recollection that the petitioner was arraigned in open court and the indictment was read to him by the clerk prior to his plea of guilty and that the plea was entered on the indictment at the court's direction in the presence of the petitioner and his counsel; that the petitioner was present at the opening and throughout the session of the court, during the taking of testimony and at the time the court made and read to the petitioner its opinion containing a finding of guilty of murder in the first degree. The prisoner was also asked whether he had anything to say and the sentence was imposed in his presence and in the presence of his attorneys.

The petitioner likewise testified on February 28, 1950, before a United States District Court in connection with his petition to that court for a writ of habeas corpus that he was present at the time of his arraignment before Judge HIRT in Erie County with his two lawyers, that he had pleaded guilty to involuntary manslaughter, that he testified and was cross-examined at the hearing, that he had an opportunity to explain and tell anything he wanted but that he had never signed any papers.

We recite these facts to show that even if we could consider the case on the merits there would be no justification for allowing a writ of habeas corpus.

Order affirmed.