## Commonwealth *v.* Mount, Appellant.

Submitted October 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John Mount,* appellant, in propria persona, submitted a brief.

*Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., January 20, 1953:

Appellant, John Mount, alias John Murphy, filed a petition in the Court of Quarter Sessions of Philadelphia County for rule to show cause why the docket entries at Nos. 887 and 888, April Sessions, 1940,

should not be corrected. Rule was granted and a hearing was held before Judge KUN at which appellant was present. The petition was dismissed, and appellant has appealed to this Court.

The docket entry of the Court of Quarter Sessions at No. 887, April Sessions, 1940, as it relates to appellant, is as follows:

"Sept. 6, 1940—Present Hon. HARRY S. McDEVITT Same day, defendant John Murphy present and being arraigned, pleads Not Guilty. District Attorney Sim et issue. Same day, defendants Ray Cobb and John Murphy withdraw their pleas of Not Guilty and plead Guilty. Same day, defendant John Murphy present, the Court order and adjudge that defendant John Murphy undergo imprisonment at separate and solitary confinement in the Eastern State Penitentiary for a term of not less than ten (10) years nor more than twenty (20) years to be computed from June 26, 1940."

A similar docket entry at No. 888, April Sessions, 1940, recited that appellant was sentenced to the same institution for a term of not less than five years nor more than ten years to begin at the expiration of sentence on bill No. 887.

On two other bills of indictment in which appellant was named, Nos. 853 and 854, April Sessions, 1940, a nolle prosequi was entered. It also appears from the records that appellant, on April 7, 1941, was sentenced to the Eastern State Penitentiary for a term of not less than ten years nor more than twenty years, which sentence was to be served concurrently with the sentences imposed on bills Nos. 887 and 888, April Sessions, 1940. Bills of indictment Nos. 887 and 888, April Sessions, 1940, charged armed robbery and related crimes.

Relator contends, and it is undenied, that upon entering his pleas to bills Nos. 887 and 888, the sen-

tencing judge, Honorable HARRY S. MCDEVITT, orally stated: "Fifteen to thirty in the penitentiary. Get started." Relator's argument is to the effect that the oral statement of the trial judge constituted the real sentence, and that the clerk of the court erroneously entered in the docket of the court sentences of ten to twenty years and five to ten years under the respective indictments. His conclusion is that the sentence was excessive and therefore illegal.

At the hearing on the rule to show cause only copies of the indictments were available as the originals had been lost. Relator's position at the hearing was that he had been charged with three holdups but that he had only entered pleas of guilty to two. The court concluded that the sentences were correctly entered, and that the bills of indictment in question related to separate crimes.

This case is factually similar to *Com. ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A. 2d 847. We there stated, page 288 of 171 Pa. Superior Ct., page 849 of 90 A. 2d: "The fact that Judge MCDEVITT orally totaled the minimum and maximum terms of the separate sentences imposed cannot operate to invalidate them. He was merely voicing the cumulative effect of the separate sentences, and they were not erroneously lumped into one sentence. . . . Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence." See, also, *Com. ex rel. Hoban v. Burke,* 172 Pa. Superior Ct. 21, 92 A. 2d 256.

In the absence of the original bills of indictment with the endorsements thereon, the entries in the docket of the court constitute the record as to the sentences. See *United States ex rel. Monaghan v. Burke,* 3 Cir., 196 F. 2d 785; *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442,

444, 71 A. 2d 799, 800; *Com. ex rel. Powers v. Smith,* 138 Pa. Superior Ct. 161, 10 A. 2d 794.

Clerical errors or inaccuracies in docket entries may be corrected by the trial court so that they conform to the facts. *Com. v. Meyer,* 169 Pa. Superior Ct. 40, 82 A. 2d 298; *Com. v. Silcox,* 161 Pa. 484, 496, 29 A. 105. But whether there has been a mistake is a question for the court; and after the passage of many years extreme caution should be used in correcting such records. *People ex rel. Hirschberg v. Orange County Court,* 271 N.Y. 151, 2 N. E. 2d 521.

We find no reason to differ with the court below in its conclusions that the docket entries correctly reflected the sentences imposed on the respective bills of indictment, and that appellant's request for correction thereof should be denied.

Order is affirmed.