# Commonwealth ex rel. Tanner, Appellant, *v.* Claudy.

430

Argued April 1, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Valera Grapp*, with her *Max V. Schoonmaker*, for appellant.

*Albert A. Fiok*, Assistant District Attorney, with him *James F. Malone, Jr.*, District Attorney, for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 28, 1954:

Relator appeals from an order denying his petition for writ of habeas corpus. He has heretofore been denied an application filed on other grounds: *Commonwealth ex rel. Tanner v. Ashe*, 365 Pa. 419, 76 A. 2d 210. His present petition was based on allegations that he was not, and that the record did not affirmatively show that he was present when sentenced on May 23, 1946, to life imprisonment, upon conviction of murder in the first degree. In its answer the Com-

monwealth admitted that the record had no entry showing he was present, but alleged that he was *actually present*, and that the omission to note his presence in the record was a clerical error.

At hearing the Commonwealth conclusively established, by testimony of relator's counsel in the murder trial and of the prosecutor in that trial, that he was actually present with his counsel when sentence was pronounced. This testimony was fortified by records of the county jail (where he was held until sentence) showing that on May 23, 1946, he was taken to the court house at 9:00 A.M., was returned at noon, and was sent to the penitentiary on the same day to serve his sentence.

Thus, the sole question is whether even though he was actually present, the absence of a notation to that effect in the record is sufficient grounds for issuance of the writ. We think not.

It is well recognized that the courts have the power to correct clerical errors in the record: *Commonwealth v. Mount*, 172 Pa. Superior Ct. 258, 262, 93 A. 2d 887; *Commonwealth v. Meyer*, 169 Pa. Superior Ct. 40, 43, 82 A. 2d 298; *Commonwealth v. Rusic*, 229 Pa. 587, 591, 79 A. 140. So that no practical or procedural difficulties are presented on this aspect of the matter. It is also true that " 'it is the inherent right of the prisoner in a capital case to be present at every stage of the proceedings ' " and " 'neither court nor judge can take any step affecting his right in his absence' ": *Commonwealth v. Johnson*, 348 Pa. 349, 352, 35 A. 2d 312. Yet, in no case where the prisoner was present did this Court issue a writ or set aside the sentence merely because of a clerical omission to note his presence in the record. On the contrary, the sentence, and the right of the court to correct the record to show the prisoner's presence, were upheld in *Commonwealth v.*

*Silcox,* 161 Pa. 484, 29 A. 105,[1] where this Court stated at page 496: "The first specification complains that the record prior to the amendment . . . did not show the presence of the defendant at every stage of the proceedings which resulted in his conviction. That he was present during the trial and when the sentence was pronounced, and that full opportunity for the exercise of all his rights in relation to both was accorded to him, is not denied. The specification therefore rests on the common law doctrine that in capital cases the record must show affirmatively that the prisoner was present at every stage of the proceedings against him. *The contention of the defendant based thereon is that although he was actually present he is entitled to a new trial because the clerk neglected to note his presence on the record.. In the light of the undisputed facts there is no real merit in this contention; it is purely technical and it ought not to prevail unless the amendment which made the record conform to the fact was unauthorized. We think the amendment was clearly within and a proper exercise of the power of the court. It simply supplied a clerical omission and placed the record in this particular in harmony with the fact. It excluded the possibility of an inference from the record opposed to the truth of the case, but it did not deprive the defendant of any substantial right. What right had he to require that a defect in the record arising from an oversight of the clerk in keeping it and which left room for an inference hostile to the undisputed facts, should be perpetuated for his benefit? He neither lost nor acquired anything by the defect which prevented the correction of it in accordance with these facts."* (Italics supplied). This controls the present

---

[1] Cited with approval in *Commonwealth v. Johnson,* 348 Pa. 349, 35 A. 2d 312.

case. Although the fact of presence was denied, the contrary was conclusively established and therefore with the record corrected, as it can be, by the court imposing the sentence, the writ must be denied. To rule otherwise would be against common sense, justice and established law. See also *Commonwealth ex rel. Wing v. Claudy*, 370 Pa. 366, 88 A. 2d 84.

Order affirmed.

CONCURRING OPINION BY MR. JUSTICE BELL:

This Court sustained the Order of the Court of Common Pleas of Allegheny County which denied relator's petition for a writ of habeas corpus. The record in the Court of Oyer and Terminer of Allegheny County where relator was tried and convicted of murder in the first degree and sentenced to life imprisonment, did not *affirmatively* show that he was actually present when sentence was pronounced. However, the Court of Common Pleas, after a hearing, found that he was actually present when sentence was pronounced, and that the omission to note his presence in the records of the sentencing Court was a clerical error.

The majority opinion affirming the dismissal of the writ of habeas corpus is in accord with justice, but not in accord with the prior decisions of this Court. As Mr. Justice MUSMANNO clearly points out in his dissenting opinion, this Court has held from *Dunn v. Commonwealth*, 6 Pa. 384, through many cases including *Commonwealth v. Silcox*, 161 Pa. 484, 29 A. 105, *Commonwealth v. Johnson*, 348 Pa. 349, 35 A. 2d 312, and *Commonwealth ex rel. Wing v. Claudy*, 370 Pa. 366, 88 A. 2d 84, that: " ' "In capital cases the record must show affirmatively that the prisoner was present at the arraignment, trial, verdict, sentence and at every stage of the proceedings against him." ' " It is undis-

puted that the record in the Court of Oyer and Terminer fails to affirmatively show these facts.

"There can be no doubt of the power of the court to amend its record [to show the presence of the defendant in Court when sentence was imposed upon him] so as to make it conform to the truth even after the term has expired:" *Commonwealth v. Rusic,* 229 Pa. 587, 591, 79 A. 140; also *Commonwealth v. Silcox,* 161 Pa. 484, 496, 29 A. 105; *Commonwealth v. Mount,* 172 Pa. Superior Ct. 258, 262, 93 A. 2d 887; *Commonwealth v. Mayer,* 169 Pa. Superior Ct. 40, 43, 82 A. 2d 298. However, we know of no case and we have been referred to none which authorizes a Court of Common Pleas to correct errors or amend the record of a Court of Oyer and Terminer or Quarter Sessions, and we do not believe that a Court of Common Pleas has or should have such power. Yet that is the effect, if not the direct holding, of the majority opinion.

The difficulty in this case is increased by one provision in the recent salutary Act of May 25, 1951, P. L. 415, §1, 12 PS §§1901, 1902 et seq. It provides in effect that writs of habeas corpus by persons accused or convicted of crime be presented to a Court of Common Pleas instead of to the criminal Court which imposed the sentence (or in which the accused is to be tried). The latter practice has been followed in Philadelphia County since the Act of April 4, 1837, P. L. 377, §2, 17 PS §502, and likewise prevails in the Federal Courts: see U. S. Code Annotated Title 28, Judiciary and Judicial Procedure, §2255, pages 762-763. If the petition for the writ could have been presented to the sentencing Court, that Court could have corrected its records and the petition could then have been properly dismissed: *Commonwealth v. Rusic,* 229 Pa., supra, and cases hereinabove cited.

It is ridiculous that a clerk's clerical omission should be sufficient ground to set a murderer free— such a principle would produce a miscarriage of justice. If habeas corpus is to be exclusively a civil remedy available only in Common Pleas or other civil Courts, then we should modify our prior decisions, and in the interest of justice and for the protection of the accused and of the public alike hold that in capital cases the record in the trial or sentencing Court, or the record in the Court where a petition for a writ of habeas corpus is presented, or both of them taken together and including all amendments which are proper and necessary, must show that the prisoner was present at the arraignment, trial, verdict, sentencing, and at every stage of the proceedings against him.

For the reasons and on the basis above mentioned, I concur with the Opinion of the Court.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I do not find any authority for the correction by one court of an error in the records of a totally different court. The relator Clarence E. Tanner was tried in the Court of Oyer and Terminer of Allegheny County. Following that trial he was taken to the Western Penitentiary. The natural assumption would be that, some time prior to his removal to the penitentiary, he was duly sentenced by a judge. The records in the Oyer and Terminer Court, however, do not show that to be a fact. There is a notation to the effect that a sentence was imposed on Clarence E. Tanner, but there is no indication that this Clarence E. Tanner was present to receive the sentence. If in fact he was not present when sentence was passed, his current confinement in Western Penitentiary is illegal. If he was present at the time of sentencing, and that fact

can be shown properly, a correction must be made in the records in the Court of Oyer and Terminer of Allegheny County. This has not been done.

I do not believe that these present proceedings will settle the matter and I have no doubt that when Tanner finds time hanging heavy on his hands in the penitentiary, which could be almost any day, he will fashion another petition for a writ of habeas corpus, point to the undeniable fact that the records of the Oyer and Terminer Court still have him absent at the time of sentencing and demand that upon that showing he be released.

At a hearing in the Court of Common Pleas, oral testimony was received to the effect that Tanner was actually in Court when the sentence was imposed. The defendant himself flatly denied this representation. On this disputed testimony the Court of Common Pleas came to the conclusion that the defendant must have been present at the time of sentencing and thus denied the writ. This Court affirms the decision of the Court of Common Pleas but the void in the records of the Court of Oyer & Terminer still remains. The decision of the Court of Common Pleas in this matter was utterly nugatory and this Court has affirmed a vacuum. Tanner's fate is written in the records of the criminal courts and not in the civil courts of Allegheny County. Those records of the criminal courts show that he is being held in prison illegally, and thus the matter stands at this very moment.

As recently as April 22, 1952, this Court, speaking through Mr. Justice BELL, categorically stated: "The law is clearly settled as stated by Chief Justice MAXEY in Commonwealth v. Johnson, 348 Pa. 349, 35 A. 2d 212: 'The principle has long been established in our criminal jurisprudence that *in capital cases the record must show that the prisoner was present at the trial,*

*verdict and at the passing of the sentence*: Dunn v. Com., 6 Pa. 384 . . . This principle was reiterated in Com. v. Silcox, 161 Pa. 484, 496, 29 A. 105, where we said: "In capital cases the record *must show affirmatively* that the prisoner was present at every stage of the proceedings against him." ' We must, therefore, examine the record to determine whether it affirmatively shows that the prisoner was present at the arraignment, trial, verdict, *sentence,* and at every stage of the proceedings against him." (Emphasis supplied.)

In the *Johnson* case referred to by Mr. Justice BELL, Chief Justice MAXEY referred to the case of *Dunn v. Com.,* 6 Pa. 384, and said: "What was said by this court in that case is applicable here. 'This [case] presents a state of confusion and uncertainty in the record which cannot be relieved by any justifiable presumption, in a case involving the life of a fellow-being.' "

The case at bar has fallen into the state of confusion and uncertainty referred to in the *Dunn* case.

In the *Johnson* case, Chief Justice MAXEY quoted from *Reagen et ux. v. Reading Co.,* 126 Pa. Superior Ct. 175, 184, 190 A. 412: where it was said: "We can look only to the record in this case . . . and we cannot permit conjecture to supply what the evidence does not contain."

Looking at the records in the Oyer and Terminer Court in the case at bar, one can only conjecture that the defendant must have been present when the judge pronounced sentence. The affirmance of that conjecture by the Court of Common Pleas, and the imprimatur by this Court of that conjecture, does not place it on any higher level of juridic reliability than *conjecture.*