428 A.2d 174

**COMMONWEALTH of Pennsylvania,**

v.

**George J. McDONALD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1981.

Richard M. Meltzer, Philadelphia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

WICKERSHAM, Judge:

On or about March 25, 1975, defendant-appellant, George J. McDonald was arrested and charged with burglary, conspiracy and other criminal activity.

On August 26, 1975 he appeared before the Honorable Robert W. Honeyman of Montgomery County in a non-jury trial. He was found guilty of the various crimes charged and, through his counsel filed timely post-verdict motions. After denial of post-verdict motions and a sentence of not less than ten nor more than twenty years on the burglary charge, the defendant appealed to this court.

Our court affirmed the judgment of sentence and a petition for allowance of appeal to the Supreme Court of Pennsylvania was subsequently denied.

Thereafter, defendant represented by new counsel filed a petition under the Post Conviction Hearing Act.[1]

* Justice Samuel J. Roberts of the Pennsylvania Supreme Court is sitting by designation.

1. Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. § 1180–1 *et seq.*

The thrust of defendant's petition was that he had been denied effective assistance of counsel at his original non-jury trial before Judge Honeyman. Specifically, he complained that his jury trial colloquy was defective because he had not been advised on the record that he had a right to participate in the selection of the jury.

Judge Honeyman in an Opinion dated January 12, 1979 found the PCHA petition to be without merit, holding that although the appellant was not expressly told that he had the right to participate in the jury selection, nonetheless, his long criminal experience and criminal court experience including jury trials gave him adequate knowledge of criminal procedure to make the colloquy that was held constitutionally effective. Judge Honeyman discussed and distinguished *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978) as well as *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973).

Without regard to Judge Honeyman's analysis, we need not reach that issue because after George J. McDonald took an appeal to our court from the January 12, 1979 order dismissing his PCHA petition, it was discovered that the trial record was not complete.

Although the instant appeal was pending in our court, the lower court proceeded under the provisions of Pa.R.A.P. 1926 which permits the lower court to correct an omission in the record and to certify and transmit a supplemental record.[2]

2. Pa.R.A.P. 1926 provides:

> If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court.

On November 9, 1979, a hearing was held before Judge Honeyman at which time and place a court reporter of the original non-jury trial, armed with a trial testimony recording, was able to satisfy the lower court that the defendant-appellant had indeed been advised that he had a right to personally participate in the selection of a jury.

As long ago as *Commonwealth v. Claudy*, 378 Pa. 429, 106 A.2d 401 (1954), it was held to be well settled that the courts have the power to correct clerical errors in the record. In the *Claudy* case, a capital case, the record failed to reveal that the prisoner was represented at a vital stage of proceedings, whereas in fact he was. As the Supreme Court said in allowing the record correction:

> This controls the present case. Although the fact of presence was denied, the contrary was conclusively established and therefore with the record corrected, as it can be, by the court imposing the sentence, the writ must be denied. To rule otherwise would be against common sense, justice and established law.

*Id.*, 378 Pa. at 433, 106 A.2d at 402.

The order of court of January 12, 1979 dismissing defendant-appellant's post conviction hearing act petition is affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge:

I agree with the result reached by Judge Wickersham in light of the corrected transcript.[1] I believe, however, an additional comment would be appropriate about the trial court's reasoning that a defendant who has had previous trial experience may be accorded fewer constitutional rights.

If we were to endorse a policy permitting flexible procedural requirements of a valid waiver, there could be no standard by which courts would know what rights to accord

---

1. Appellant's supplemental Brief indicates the corrected testimony included in the colloquy informed McDonald that he had a personal role in jury selection.

each defendant. Legitimizing the validity of an uninformed waiver on the basis of an assumed understanding by a defendant often may be correct, however, it may also represent a self-serving rationalization of the court. Accordingly, I am not satisfied with Judge Honeyman's analysis found in his opinion of January 12, 1979 in which he stated:

> In the colloquy he was not expressly told he had the right to participate in the jury's selection. The defendant, at the time, was over 36 years of age and had a criminal record that had exposed him to the criminal courts at least 23 times, including jury trials. He was represented by an experienced criminal trial attorney who had, previous to trial, explained to defendant the alternatives of jury trial, non-jury trial and a plea of guilty. He was told, in the colloquy, that his own lawyer would select the jury with the Assistant District Attorney. From all of this, we conclude that he clearly had an understanding of the essential ingredients of a jury trial as required by *Williams* and *Morin*.

The requirements of the colloquy have been stated in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), and restated in *Commonwealth v. Morin*, 477 Pa. 80, 85, 383 A.2d 832, 834 (1978) where the Supreme Court said:

> *The colloquy must indicate, at a minimum,* that the defendant knew the essential protections inherent in a jury trial a well as the consequences attendant upon a relinquishment of those safeguards. Among the "essential ingredients of a jury trial," an understanding of which the accused must possess before a knowing and intelligent jury trial waiver can be made, are the requirements that the jury be composed of one's peers chosen from members of the accused's community, *that the accused has the right to participate in the selection of the jury,* and that every member of that jury must be convinced, beyond a reasonable doubt, of the accused's guilt. *Commonwealth v. Williams,* [supra.]

(Emphasis added.)

The standard is a minimal requirement. No discretion is permitted the trial court. Thus, I strongly believe that

under no circumstances can the practice undertaken by Judge Honeyman to legitimize the colloquy presented at trial as initially recorded be acceptable.