J-S60036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICARDO J. RIVERA-TORRES | |
| Appellee | No. 337 MDA 2014 |

Appeal from the PCRA Order January 31, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22CR-0001122-2009

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED DECEMBER 02, 2014**

The Commonwealth appeals from an order granting Ricardo Rivera-Torres' PCRA[1] petition and awarding a new trial on the ground that Rivera-Torres' trial counsel was ineffective for failing to object to an erroneous jury instruction.  After careful review, we affirm.

Rivera-Torres was charged with homicide[2] and other offenses in connection with the murder of Jonas Strunk on July 22, 2007.  Rivera-Torres testified that he observed the victim fighting with an acquaintance of Rivera-Torres (William Lopez).   Rivera-Torres claimed that he joined in the altercation to help Lopez, but Lopez pulled out a gun and shot the victim. The day after the shooting, another acquaintance told Rivera-Torres that the

_____

[1] Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.
[2] 18 Pa.C.S. § 2502.

victim was dead, and that meant jail for life. Rivera-Torres testified that he did not want to go to jail for someone he did not kill, so he left for Florida. In January 2009, police apprehended Rivera-Torres in Florida[3]. In December 2009, Rivera-Torres stood trial for Jonas Strunk's murder.

Although the closing arguments of counsel were not transcribed, the trial court's instructions to the jury were. The transcript reflects that in the course of instructing the jury on consciousness of guilt, the court stated: "You may[,] however[,] find the defendant guilty solely based on evidence of flight or concealment."[4] The correct instruction actually should have been: "You may *not* find the defendant guilty solely on the basis of evidence of flight or concealment."[5]

On December 18, 2009, the jury found Rivera-Torres guilty of third degree murder but acquitted him of all other charges, including first degree murder. The Court sentenced Rivera-Torres to 15-30 years' imprisonment. Rivera-Torres filed a timely appeal to the Superior Court, and the court reporter filed the trial transcript with the Clerk of Court. The parties used the transcript to prepare briefs in Rivera-Torres' direct appeal. On November 29, 2010, the Superior Court affirmed the judgment of sentence

---

[3] N.T., 12/16/09, pp. 435-37.
[4] N.T., 12/18/09, p. 553:23-25.
[5] **See Commonwealth v. Wilamowski**, 633 A.2d 141, 144 (Pa.1993) (evidence of defendant's flight after breaking down door to residence, standing alone, was not sufficient to prove intent to commit crimes inside the residence).

in a memorandum that cited the trial transcript multiple times[6]. The Supreme Court denied Rivera-Torres' petition for allowance of appeal.

Rivera-Torres filed a timely PCRA petition alleging that trial counsel was ineffective for failing to object to the erroneous jury instruction concerning flight. On December 18, 2013, the court convened a hearing on the PCRA petition. The PCRA court stated: "I really cannot say with all honesty that I remember exactly what came out of my lips when I read the instruction."[7] Both the prosecutor and trial counsel testified that the transcript was inaccurate and that the court actually stated the correct instruction (flight could not provide the sole evidence of guilt)[8].

In an order dated January 30, 2014, the PCRA court determined that (1) it gave an erroneous instruction by omitting "not"; (2) trial counsel was ineffective for failing to object, (3) Rivera-Torres suffered prejudice due to the erroneous instruction, and (4) Rivera-Torres was entitled to a new trial.

The Commonwealth filed a timely appeal and a timely Pa.R.A.P. 1925(b) statement in which it raised the following issues:

> 1. The PCRA court erred in granting a new trial for ineffective assistance of counsel for failure to object to a jury instruction where the uncontroverted

---

[6] **See Commonwealth v. Rivera-Torres,** 467 MDA 2010 (Pa.Super., November 29, 2010) (unpublished memorandum citing to trial transcript on pages 6, 9, 11, 14-16).

[7] N.T., 12/18/13, p. 6. The same judge who presided at trial also presided over Rivera-Torres' PCRA hearing.

[8] N.T., 12/18/13, pp. 12-37, 45-52.

evidence established that the trial transcript was wrong and the court correctly instructed the jury.

2. The PCRA court erroneously denied a motion to correct the transcript *nunc pro tunc* where no notice of lodgment of the transcript was filed or served on the parties, as required by Pa.R.A.P. 1922(a).

Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error. ***Commonwealth v. Sneed***, 899 A.2d 1067, 1071 n. 6 (Pa.2006). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." ***Commonwealth v. Hawkins***, 894 A.2d 716, 722 (Pa.2006).

The court must grant a PCRA petitioner relief when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa.2008). To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa.2009). When the court gives an erroneous instruction to the jury, the defendant is entitled to a new trial when the instruction contains fundamental error or misleads or confuses the jury. *Commonwealth v. Fletcher*, 986 A.2d 759, 792 (Pa.2009).

In its first argument, the Commonwealth argues that the "uncontroverted evidence" shows that the trial transcript was "wrong", and that the trial judge actually gave the proper instruction on flight which included the critical word "not". We disagree. It is well settled that the courts have the power to correct clerical errors in the record. *Commonwealth v. Claudy*, 106 A.2d 401 (1954); *Commonwealth v. McDonald*, 428 A.2d 174, 175 (1981). This power authorizes the court to determine whether the original record is accurate by comparing the original record with evidence of the alleged error. Here, the court compared the original trial transcript, which omitted the word "not" from the flight instruction, with the testimony of the two attorneys at the PCRA hearing, both of whom stated that the court included "not" in the flight instruction[9]. After weighing these elements, the court determined that it failed to include "not" in the flight instruction. Since the court's factual findings are entitled

---

[9] The trial judge's recollection did not help either side, because he lacked an independent recollection of what he instructed.

to deference, **Hawkins**, **supra**, 894 A.2d at 722, we will not overturn this finding.

The Commonwealth contends, in effect, that we must overturn this factual finding because Rivera-Torres failed to present any witness during the PCRA hearing to rebut the prosecutor's and trial counsel's testimony that the court included "not" in its flight instruction. The Commonwealth ignores the critical point that the trial transcript *itself* is evidence of what took place during trial. Thus, the court had the authority to weigh the contents of the transcript against the prosecutor's and trial counsel's testimony. The court performed this balancing test and determined that the contents of the transcript outweighed the testimony presented during the PCRA hearing. Since we accord deference to this balancing of evidence, we will not reverse the PCRA court's finding. **Hawkins**, **supra**.

Once the court found that it omitted "not" from the flight instruction, it properly awarded a new trial to Rivera-Torres. Rivera-Torres clearly had the right to a jury instruction that flight alone could not establish his guilt. **Wilamowski**, **supra**. Trial counsel had no reasonable basis for failing to object to an instruction that flight alone could establish his guilt. Finally, the instruction contained fundamental error, since it led the jury to believe that

Rivera-Torres' flight after the shooting was itself sufficient to establish his guilt[10].

In its second argument, the Commonwealth contends that the court erroneously denied its motion to correct the transcript *nunc pro tunc*, where the court reporter failed to file or serve the notice of lodgment of the transcript on the parties in violation of Pa.R.A.P. 1922(a). Rule 1922(a) provides:

> Upon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed, and not later than 14 days after receipt of such order and any required deposit shall lodge the transcript (*with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the trial court*. Such notice by the court reporter shall state that if no objections are made to the text of the transcript within five days after such notice, the transcript will become a part of the record. If objections are made the difference shall be submitted to and settled by the trial court. The trial court or the appellate court may on

_____

[10] In some cases, an erroneous instruction does not automatically establish prejudice. ***See, e.g., Commonwealth v. Paddy***, 800 A.2d 294, 323 (Pa.2002) (attorney's deficient performance by failing to object to erroneous instruction that defendant's flight before murdering witness to other murders could indicate his consciousness of guilt did not prejudice defendant in prosecution for capital murder of witness; court had instructed the jury that the murders were not at issue and that the inference from flight was permissive, and the evidence linked defendant to murder of the witness). In this case, however, the Commonwealth does not argue that Rivera-Torres did not suffer prejudice from the erroneous flight instruction. The Commonwealth only argues that the trial judge gave the correct flight instruction.

> application or upon its own motion shorten the time prescribed in this subdivision.

Pa.R.A.P. 1922(a) (emphasis added). According to the Commonwealth, the court reporter's failure to file a notice of lodgment of the transcript constitutes a breakdown in the operation of the court. We disagree.

Allowance of an untimely action nunc pro tunc is a matter within the sound discretion of the trial court. **Fischer v. UPMC Northwest**, 34 A.3d 115, 120 (Pa.Super.2011). A court may grant a party leave to proceed nunc pro tunc "when a delay in filing is caused by 'extraordinary circumstances involving fraud or some breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party.' " **Id**. (quoting **Union Elec. Corp. v. Bd. Of Prop. Assessment**, 746 A.2d 581, 584 (Pa.2000)). A breakdown in court operations often involves the failure of a court official "to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties.'" **Id**. (quoting **Rothstein v. Polysciences, Inc.**, 853 A.2d 1072, 1075 (Pa. Super. 2004)).

Even if the court reporter technically violated Pa.R.A.P. 1922 by failing to provide notice of lodgment to the parties, the Commonwealth suffered no prejudice. The court gave the Commonwealth the opportunity during the PCRA hearing to refute Rivera-Torres' contention that the flight instruction was improper. The Commonwealth presented two witnesses who testified

that the flight instruction was correct under the law. Had the court reporter provided notice of lodgment at the proper time, the procedure under Rule 1922 would have been materially the same as the PCRA hearing. Pursuant to Rule 1922(c)[11], the court would have permitted the parties to present evidence concerning what instruction the court actually gave and would then have decided which party's position to accept. Therefore, assuming there was a technical violation of Rule 1922, the Commonwealth is not entitled to reversal of the order granting a new trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014

---

[11] Pa.R.A.P. 1922(c) provides in relevant part:

> The trial judge shall examine any part of the transcript as to which an objection is made pursuant to Subdivision (a) of this rule or which contains the charge to the jury in a criminal proceeding, and may examine any other part of the transcript, and after such examination and notice to the parties and opportunity for objection (unless previously given) shall correct such transcript.