J-S26036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS CORY SHAFE | : | |
| | : | |
| Appellant | : | No. 247 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 28, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000680-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS CORY SHAFE | : | |
| | : | |
| Appellant | : | No. 248 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 28, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000110-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS CORY SHAFE | : | |
| | : | |
| Appellant | : | No. 249 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 28, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000092-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

                                          :
           v.                             :
                                          :
                                          :
                                          :
DENNIS CORY SHAFE                         :
                                          :
           Appellant                      :    No. 250 MDA 2022

Appeal from the Judgment of Sentence Entered January 28, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
             No(s):  CP-54-CR-0000049-2020

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
           v.                   :
                                :
                                :
                                :
DENNIS CORY SHAFE               :
                                :
           Appellant            :    No. 251 MDA 2022

Appeal from the Judgment of Sentence Entered January 28, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
             No(s):  CP-54-CR-0001196-2019


BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: AUGUST 16, 2022**

Appellant Dennis Cory Shafe appeals from the judgment of sentence entered in the Court of Common Pleas of Schuylkill County on January 28, 2022, in these consolidated, criminal direct appeals.[1] Counsel also seeks to withdraw on the basis of frivolity under **Anders v. California**, 386 U.S. 738

---

[*] Former Justice specially assigned to the Superior Court.
[1] In a Per Curiam Order entered on March 10, 2022, upon noting that these appeals involve the same Appellant and similar issues, this Court, *sua sponte*, consolidated the appeals at Nos. 247 MDA 2022, 248 MDA 2022, 249 MDA 2022, 250 MDA 2022, and 251 MDA 2022.  **See** Pa.R.A.P. 513; Pa.R.A.P. 2138.

- 2 -

(1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and their progeny. Following our review, we grant counsel's motion to withdraw, affirm the judgment of sentence, and remand for the limited purpose of correcting the clerical error contained within the underlying judgment of sentence.

The trial court set forth the relevant facts and procedural history herein as follows:

> On January 28, 2022, [Appellant] entered a nolo contendere plea on five cases to two counts of DUI, Criminal Use of a Communication Facility, three counts of Possession of a Controlled Substance, and Possession of Drug Paraphernalia. Numerous other charges were *nol prossed*, and many of the cases ran concurrently to each other. He also received a significant amount of credit for time already served. [Appellant] received an aggregate sentence of two and a half (2 ½ ) to eight ( 8) years to be served in a state correctional facility.
>
> During the guilty plea colloquy, [Appellant] was asked, while under oath, if he had ingested any alcohol or drugs, prescription or otherwise, that would impair his ability to understand what he was doing during his guilty plea hearing. His Attorney, Ms. Yagielniskie, further clarified this question for [Appellant], saying that [Appellant] is on medication at the prison, but the question is whether it is affecting his ability to understand everything. [Appellant] responded, "No."
>
> On February 8, 2022, [Appellant] filed a notice for appeal for all five cases. In his Concise Statement, [Appellant] asserts that his plea was not knowing, voluntary, intelligent and understanding due to being under the influence of medication. [Appellant] was specifically asked if his medication interfered with his ability to understand the guilty plea proceeding. He said that it did not. He answered all other questions throughout the plea colloquy and sentencing in a coherent and appropriate manner. This [c]ourt maintains that [Appellant] entered his plea of nolo contendere knowingly, voluntarily, intelligently and understanding.
>
> Since the filing of this appeal, the Department of Corrections contacted this [c]ourt to address an issue contained within the

Sentencing Orders docketed to cases CR-1196-2019 and CR-110-2020. While the Sentencing Orders appropriately reflected the global plea agreement submitted by the parties, the Department of Corrections determined that the negotiated sentence had conflicting information; specifically, Count 2 of CR-110-2020 is to run concurrent to CR-1196-2019, but Count 1 of CR- 1196-2019 is to run consecutive to CR-110-2020. This [c]ourt contacted both the District Attorney's Office and Defense Counsel for their input on the matter, and it appears the intention of the parties was to have Count 2 of CR-110-2020 run concurrent to Count 1. However, this [c]ourt recognizes that it no longer has jurisdiction to modify the Sentencing Orders, and respectfully requests the Superior Court to remand this matter on the limited issue of remedying this clerical error.

Trial Court Opinion, 3/15/22, at 1-2.

Appellant raises the following issue in the **Anders** brief:

Whether the court erred in finding that [Appellant's] nolo contendere pleas were knowing, voluntary, intelligent and understanding acts because [Appellant] asserts he was under the influence of prescription medication.

**Anders** brief at 4.

"[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa.Super. 2002) (citations omitted).[2] "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290

---

[2] Appellant indicated on the record that he understood his *nolo contendere* plea "has the same effect as a guilty plea." N.T. *Nolo Contendere* Pleas/Sentencing, 1/28/22, at 3.

(Pa.Super. 2017) (citation omitted) *see also Commonwewalth v. DiClaudio*, 210 A.3d 1070, 1074 n. 5 (Pa.Super. 2019) (further providing that "[b]ecause Appellant entered an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary aspects of his sentence.").

While Appellant's *nolo contendere* plea did not contain any bargain for a particular sentence, it did contain an agreement that the Commonwealth would recommend certain sentences and that some charges be nol prossed in the event Appellant would enter a plea of *nolo contendere*. **See** Memorandum of Plea Agreement, 1/28/22. Thus, Appellant's claim on direct review pertaining to the validity of the plea is reviewable. **See Morrison**, 173 A.2d at 290 ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.") (citation omitted).

Prior to addressing the issue Appellant has raised on appeal, we must resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional

arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). Our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set[] forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. In addition,

> Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa.Super. 2022) (citation and quotation marks omitted). "Substantial compliance with the *Anders* requirements is sufficient." *Id*. (citation omitted).

Herein, we conclude that counsel substantially complied with the requirements for withdrawal under *Anders*. Counsel filed an *Anders* brief and a Motion to Withdraw as Counsel with this Court on June 13, 2022. The brief includes the essential components required by *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), although the summary of the procedural history and facts in the brief do not contain citations to the record.

Also, the Motion to Withdraw as Counsel and its accompanying cover letter adhere to the requirements in **Cartrette**. Additionally, counsel filed a copy of a letter advising Appellant of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). The **Millisock** letter and certificates of service attached to the **Anders** brief and the Motion to Withdraw as Counsel indicate Appellant was served a copy of all of the documents.

In addition, counsel concludes that the proposed issue concerning the knowing, intelligent, and voluntary nature of Appellant's *nolo contendere* plea would not raise any non-frivolous claims because Appellant engaged in multiple discussions with trial counsel prior to and on the day of his plea at which time his options and rights were fully explained to him. His rights and options also were enumerated on the Written Memorandum of Plea Agreement, and the trial court discussed them with Appellant at the time of his plea and sentencing. **Anders** brief at 18-19.

Accordingly, counsel asserts that she can find no valid basis upon which to pursue this claim on appeal. **Id.** at 20. The trial court evaluated the proposed claim in its Rule 1925(a) Opinion and reached the same conclusion. Trial Court Opinion, 3/15/22, at 2. To date, Appellant has not responded to the Motion to Withdraw as Counsel. As such, we will proceed to a review of the merits of the issue presented in the **Anders** brief.

Initially, we note that Appellant failed to raise his challenge first with the trial court, either on the record or in a post-sentence motion. Generally,

"[i]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also Commonwealth v. Miller**, 80 A.3d 806, 811 (Pa.Super. 2013) (stating that "[b]y requiring that an issue be considered waived if raised for the first time on appeal, our [appellate C]ourts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue.") (citation omitted). "[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008). Nevertheless, regardless of Appellant's apparent waiver, we discern that his claim fails on its merits.

Prior to pleading *nolo contendere*, Appellant engaged in the following exchange with the trial court:

> The Court: Have you ingested any alcohol or drugs, prescription or otherwise, that would impair your ability to understand what you're doing here today?
>
> [Defense Counsel]: So, Your Honor, he is on medication in the prison. But the question is, is that affecting your ability to understand everything?
>
> [Appellant]: No.

N.T. *Nolo Contendere Pleas*/Sentencing, 1/28/22, at 3.

It is axiomatic that "a defendant is bound by the statements which he makes during his plea colloquy." **Commonwealth v. Barnes**, 687 A.2d 1163,

1167 (Pa.Super. 1996) (citations omitted). Therefore, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he may not recant the representations he made in court when he entered his guilty plea. **Id.** (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. **See Commonwealth v. Moser**, 921 A.2d 526, 528–529 (Pa.Super. 2007).

This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa.Super. 2005); **see also** Pa.R.Crim.P. 590, cmt.

Our review reveals that Appellant completed detailed oral and written *nolo contendere* plea colloquies, which covered all necessary topics for a valid plea colloquy. While represented by counsel, Appellant clearly stated that he was entering into the plea agreement knowingly and voluntarily, and the trial court confirmed as much at the plea colloquy on January 28, 2022. **See** Written Memorandum of Plea Agreement, 1/28/22; *Nolo Contendere Pleas/Sentencing*, 1/28/22, at 2-15. Notably, in this regard,

- 9 -

Appellant asserted he was taking medication but understood both the questions asked of him and the nature and consequences of his pleas. N.T. *Nolo Contendere* Pleas/Sentencing, 1/28/22, at 3.

Based on Appellant's unequivocal answers to questions posed to him in both his written and verbal colloquies, we discern no merit to his appellate challenge alleging that he was incapable of entering a valid plea because he had ingested his medication in the prison, and we agree with counsel that such a claim would be frivolous. Moreover, following our independent review of the entire record as required by **Anders** and **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*), we have not identified any other non-frivolous issues.

However, the trial court has pointed out a clerical error that was brought to its attention after Appellant had filed his appeal with this Court. In its Rule 1925(a) Opinion, the trial court requests that this Court remand this matter to reflect its intention, and the alleged intent the parties expressed when contacted by the trial court, to have Count 2 of CR-110-2020 run concurrently with Count 1.[3] Trial Court Opinion, filed 3/15/22, at 2.

The law regarding the trial court's power to alter or modify a criminal sentence is well-settled. Except as otherwise provided or prescribed by law, a court, upon notice to the parties, may modify or rescind any order within

_____

[3] Neither Appellant nor the Commonwealth mentions this error in the appellate briefs.

thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed. *Commonwealth v. Walters*, 814 A.2d 253, 255 (Pa.Super. 2002) (citing 42 Pa.C.S.A. § 5505). Generally, once the thirty-day period is over or once an appeal is taken, "the trial court loses the power to alter its orders." *Id.* at 256 (citing *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa.Super.1994)).

> As our Supreme Court explained:
>
> [The Pennsylvania Supreme Court has] set a high bar for differentiating between errors that may be corrected under the inherent powers of trial courts, and those that may not, describing correctible errors as those determined to be "patent and obvious mistakes." The term "clerical error" has been long used by our courts to describe an omission or a statement in the record or an order shown to be inconsistent with what in fact occurred in a case, and, thus, subject to repair. *See, e.g., Commonwealth v. Silcox*, 29 A. 105, 106 (Pa. 1894) (upholding the trial court's direction to correct a "clerical" omission and amend the record to state that the defendant was present at every stage of the proceedings); *Commonwealth v. Liscinsky*, 171 A.2d 560, 561 (Pa.Super. 1961) (explaining that the sentencing order contained a "clerical" error subject to correction, as it did not reflect that the trial court specifically stated at sentencing that the sentence it imposed was effective on expiration of defendant's federal sentence); *Commonwealth v. Mount*, 93 A.2d 887, 888 (Pa.Super. 1953) ("Clerical errors" or inaccuracies in docket entries [or orders] may be corrected by the trial court so that they conform to the facts.").

*Commonwealth v. Borrin*, 80 A.3d 1219, 1227–1228 (Pa. 2013).

Instructive herein is the Pennsylvania Supreme Court's decision in *Commonwealth v. Klein*, 781 A.2d 1133 (Pa.2001). In *Klein*, the Supreme Court held that the "inherent power" of trial courts to correct patent and

obvious errors was not limited to "those errors evident on the face of the order, but rather [extended to] a trial court's correction of a 'patent defect or mistake [that was only made apparent by viewing] the record.'" *Id*. at 1135.

In *Klein*, the trial court sentenced the defendant and credited him with thirty-three days of time served on June 23, 1999. However, on June 25, 1999, after prison officials alerted the court that the defendant had only served one day, the trial court issued an order *sua sponte* wherein it directed the defendant to reappear for re-sentencing on June 30, 1999. Prior to the June 30 re-sentencing, the defendant had filed a notice of appeal of the June 23 sentencing order, thus terminating the trial court's jurisdiction. On June 30, the trial court rejected the defendant's claim that the court did not have jurisdiction and amended the order to indicate only one day of time served. Our Supreme Court found the trial court's exercise of jurisdiction to be appropriate, even though the error was not obvious on the face of the sentencing order but, instead, was discerned only in light of information provided by a third party.

In light of the foregoing, we remand this matter for the limited purpose of permitting the trial court to remedy Appellant's sentence to reflect the apparent understanding of both parties and the court that he was receiving a concurrent sentence to Counts 1 and 2 of CR-110-202 when he entered his plea and was sentenced on January 28, 2022. We affirm in all other respects.

Motion to withdraw as counsel granted.  Judgment of Sentence affirmed.

Case remanded for the correction of a clerical error.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2022