1810.

HANTZ *against* HULL and another.

THIS was an appeal from the decision of Judge *Brackenridge*, at a Circuit Court for *York* in *June* 1802.

The action in that court was a feigned issue to try the validity of a writing, dated the 21st of *March* 1798, and exhibited to the register as the last will and testament of *Henry Sealy*.

While the issue was depending, the defendants brought to the register another will of *Henry Sealy*, dated the 21st of *October* 1794, which was proved in the usual manner by the oaths of the subscribing witnesses. Upon a paper annexed to this will, the register certified, that the parties opposed to the will of 1794, were not present when the probate was taken; but that *Hull*, one of the defendants, informed him that they consented to the depositions being taken, upon condition that if the will of 1798 should be set aside, then the will of 1794 should stand for the last will of the testator.

Upon the trial of the issue the defendant's counsel offered in evidence the will of 1794 thus proved; and it being rejected by the court, they entered an appeal. The single question was, whether the probate, under the circumstances of the case, was valid, so as to make the will evidence.

*Duncan* for the defendants.
*Bowie* for the plaintiff.

TILGHMAN C. J. It was a singular proceeding in the register, to receive the probate of the will of 1794, while the will of 1798 was in litigation; nor can his conduct be justified, unless he acted by the consent of all parties interested. This consent is not proved, but by the assertion of one of the defendants. Nothing appeared on the trial, from which it could be inferred that the plaintiff had consented that the ex parte evidence of the witnesses to the will of 1794 should be admitted. On the contrary, to take the consent of the plaintiff, as it was stated to the register by one of the defendants, it

---

*Marginal note:* An *ex parte* probate of a will, taken by the register at the instance of the defendants in an issue then pending to try the validity of another will by the same testator, is not valid; nor is the will so proved, evidence in the feigned issue.

only amounted to this, that if the will of 1798 was set aside, the will of 1794 should stand. But this is a very different thing from making use of the will of 1794 as evidence to destroy the will of 1798. The witnesses should have been produced in court, that the plaintiff might have had an opportunity of crossexamining them. The defendants' counsel suppose, that the will of 1794 having been *regularly proved*, it ought to have been read in evidence. But under the circumstances of this case, as they appear by the register's certificate, I do not consider this as by any means a regular probate. To make the most of it, it was only *conditional*, and not to be considered as of any effect, unless the will of 1798 was set aside. I am therefore of opinion that the evidence was properly rejected by the Circuit Court. The will of 1794 was not legal evidence, because it was not proved by any witnesses appearing in court.

YEATES J. It appears by inspection of the two wills of *Henry Sealy* dated 21st *October* 1794, and 21st *March* 1798, that they contain dispositions of the estate of the testator absolutely inconsistent with each other; and it has been admitted by the counsel on both sides, that they cannot stand together. I am at a loss to determine, what effect or operation the probate of the former writing could have upon the instrument executed three years and five months afterwards as a last will, supposing the testator to be then of sane memory, and that two witnesses attested it.

The two witnesses proved the will of *March* 1798 on the 12th of *April* following in the register's court, and at the prayer of the parties opposed thereto, an issue was directed to try its validity under the act of 13th *April* 1791. 3 *Dall. St. Laws* 98. When the facts are established by the return of a verdict, they cannot be reexamined on an appeal, by the express provision of this law. Pending this suit which was thus directed to be tried by a jury of the country, the writing which was offered in evidence on the trial of the feigned issue, was exhibited into the register's office on the 4th *December* 1799, and the witnesses sworn thereto, in the absence of the parties who set up the will of 1798. No rule had been entered for the taking of the depositions. No consent, either

written or verbal, was shewn on the trial, that they should be thus taken. But on the contrary, the certificate of the register is subjoined to the paper thus offered, that the depositions were taken by him on being *informed* by *Hull*, one of the defendants, that " his opponents had agreed they should " be taken, upon condition that if the will of 1798 should be " set aside, then the will of 1794 should stand for the last " will of the testator."

This information certainly did not warrant the proceeding of the register. He was not justified in receiving the proof of the will of 1794, while the controversy respecting the validity of the will of 1798 subsisted, without some rule of court, or unequivocal consent of the contending parties, authorizing the measure. I cannot regard it as an act done in the line of his duty, but view it in no other light than if the depositions had been taken before any justice of the peace of the county. The procedure was wholly *ex parte*, and the adversary had no opportunity of crossexamining the witnesses, if the facts which they attested, could throw any light on the validity or invalidity of the will of 1798. It is clear to me, that the evidence offered was properly overruled by the judge who tried the cause, and that the judgment of the Circuit Court should be affirmed.

Judgment affirmed.