Commonwealth *v.* Meyer, Appellant.

Argued March 29, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Irving W. Coleman,* with him *Martin A. Kutler* and *Sidney L. Krawitz,* for appellant.

*Everett Kent,* Special Counsel, with him *Clifton A. Cloud,* District Attorney, for appellee.

OPINION BY HIRT, J., July 19, 1951:

The defendant, in anger, seriously injured the prosecutor Theodore Pitts by striking him across the face, using his rifle as a club. The blow was of such force that the stock of the gun was broken by the impact. Subject to possible restoration by plastic surgery, the disfigurement of Pitts' face is permanent. Defendant was convicted of aggravated assault and battery. The jury well might have found him guilty of the more serious count of the indictment charging assault with intent to maim. Pending disposition of rules for a new trial and in arrest of judgment, defendant entered cash bail in the sum of $2,000 as fixed by the court.

On May 16, 1949, defendant withdrew his motions for a new trial and in arrest of judgment and appeared for sentence. He was there represented by counsel who defended him at the trial and by Leighton R. Scott, Esq., of Easton, whom he had retained to represent him in his effort to escape a jail sentence. As authorized by the defendant, and in his presence, Mr. Scott then stated to the court that defendant was penitent and desired to make amends; that defendant had agreed to pay the injured man the sum of $2,500 in settlement of his civil damage and as evidence of his sincerity of purpose had given his note to the prosecutor in that amount on which judgment had been confessed against him. At the time defendant owned real

estate but only with his wife by entireties. However, counsel for the prosecutor joined with defendant's counsel in assuring the court that arrangements had been made by the defendant to pay Pitts the above agreed sum; counsel for both parties accordingly joined in appealing to the court to be lenient with the defendant and not to send him to jail. It was further suggested to the court that the defendant needed the return of the $2,000 bail money to make up the total of $2,500 which he had arranged to pay the prosecutor. On these considerations the court orally from the bench placed the defendant on probation conditioned that he pay the County of Pike the sum of $500 together with the costs in the case. Subject to these payments the bail money was released by the court. Ever since defendant received a return of the balance of his bail money he has wholly failed to perform his agreement with the injured prosecutor and has paid nothing. And he discharged his counsel, above referred to, who represented him when he appeared for sentence and who, in good faith and relying on his representations, were instrumental in inducing the court to place him on probation in lieu of imposing sentence.

The clerk of court in making a docket entry of the order of the court of May 16, 1949, placing the defendant on probation erroneously and without authority included the payment of $2,500 "to the victim" as "the *sentence* of the court". As a matter of fact no sentence was then imposed; the payment of the above sum of $2,500 remained the obligation of the defendant only by his agreement with the injured prosecutor and not under any sentence of court or condition of the order of probation. On October 30, 1950, when the error was called to the court's attention the record was corrected to conform with the court's actual disposition of the case, by the substitution of the following order for the docket entry made by the clerk in error: "AND NOW,

May 16, 1949, imposition of sentence is suspended and the defendant placed on probation on condition that he pay to the County of Pike the sum of $500.00 plus the costs in the case." And on February 19, 1951, the defendant having appeared on order, the court vacated the corrected order of May 16, 1949, suspending sentence and placing the defendant on probation, and imposed the following sentence: "AND NOW, to wit, this 19th day of February, 1951, the defendant is sentenced to undergo imprisonment in the Pike County Jail for a period of six months". In this appeal from the judgment of sentence, the defendant appeared before us by his fifth and sixth counsel who, in succession, have represented him in various phases of this criminal proceeding.

The court clearly had the power to correct the clerical errors in the docket entry of the oral order of the court, suspending sentence and placing the defendant on probation. If an entry upon the records of the court is inaccurate it will be corrected when called to the court's attention "to the end that it may speak the truth": *Hill v. United States,* 298 U. S. 460, 56 S. Ct. 760. The law of this State conforms with the general rule that such clerical errors may be corrected by amendment even in a criminal case. *Sharff v. The Commonwealth,* 2 Binney 514; the order in the instant case, which merely made the record conform to the facts, clearly was a proper exercise of the power of the court. *Commonwealth v. Silcox,* 161 Pa. 484, 496, 29 A. 105.

The terms of the order as corrected, conformed with the provisions of the Probation Act of June 19, 1911, P. L. 1055, as amended, 19 PS §1051; the condition of the order for the payment of $500 to the county was within the prescribed limit of the Act as to amount. And the Act specifically provides: "No such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the

court from thereafter sentencing any defendant under the act under which he or she was convicted, upon violation of his or her parole''.

Appellant's argument misconstrues the reasons which moved the court to revoke the probation order and to sentence the defendant on February 19, 1951. The court did not revoke the order because the defendant failed to fulfill his promise to discharge his civil obligation to the injured man. Sentence was imposed because the defendant induced the order placing him on probation fraudulently, not only by his misrepresentation that he had agreed upon settlement with the prosecutor and intended to pay him $2,500 but also that he was of a penitent state of mind and therefore a worthy subject for probation. A misrepresentation of one's intention or state of mind may amount to fraud. *Standard Elevator Co. v. Wilson,* 218 Pa. 280, 67 A. 463. Of course a promise to do something in the future in itself does not constitute fraud but fraud may be predicated on the nonperformance of a promise made as a device to accomplish the fraud. *McCreary v. Edwards,* 113 Pa. Superior Ct. 151, 172 A. 166; *Maguire v. Wheeler,* 300 Pa. 513, 150 A. 882. It cannot be doubted that defendant's asserted agreement, subsequently revoked, to pay $2,500 to the injured man, was such fraudulent device. In September 1949 defendant was in position to satisfy the judgment confessed on his note, out of about $5,000 net, received by him on the sale of property, supplementing the bail money which had been returned to him. He paid nothing. The entry of judgment did not amount to satisfaction of the obligation. A judgment, until made productive by payment, is but security for the acknowledged debt. *Brennan et al. v. Huber,* 112 Pa. Superior Ct. 299, 307, 171 A. 122.

Fraudulent representations which induce a probation order are grounds for its revocation and the im-

posing of sentence, just as much as acts of a defendant subsequent to the order in violation of his parole. Thus in *Com. ex rel. Paige v. Smith, Warden,* 130 Pa. Superior Ct. 536, 198 A. 812, it was held that an order of probation induced by false representations made by the defendant as to his prior convictions of crimes was properly revoked and sentence imposed when the court learned of the defendant's long criminal record in other States.

The period of probation under the Act cannot exceed the maximum for which a defendant might have been imprisoned—in this instance a term of three years. *Commonwealth v. Ciccone,* 84 Pa. Superior Ct. 224. The sentence in the instant case was imposed one year and nine months after the date of the probation order, thus within the provision of the Act which limits the time for the imposition of sentence to the period of the maximum term of imprisonment for the offense. *Com. ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 123 A. 337.

There is no merit in any of the defendant's contentions in this appeal.

Judgment of sentence affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal was made a supersedeas.