507 A.2d 1266

**COMMONWEALTH of Pennsylvania**

v.

**Wayne Paul BURKETT, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1986.

Decided April 24, 1986.

James H. Stratton, Jr., Ebensburg, for appellant.

Ralph F. Kraft, Assistant District Attorney, Johnstown, for Com., appellee.

Before BROSKY, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

■ This is an appeal from an order denying a Motion to Quash [1] filed by the appellant, Wayne Paul Burkett. We quash.

The facts in this case begin with the appellant being charged with making a false statement under oath while testifying at the trial of *Commonwealth v. John Verilla,* No. 0576–1983 (C.P. Cambria).

A preliminary hearing was conducted and resulted in the appellant, following a district justice finding that the prosecution had presented a prima facie case, being bound over for court. In the interim, the appellant was re-committed to the Blair County Prison to serve the remaining sentence on an unrelated conviction.

On December 24, 1984, the appellant filed a pro se Motion to Quash contending that the prosecution had failed to establish that he had committed the offense set forth in the complaint—perjury. Wherefore, he sought a dismissal of the complaint and his discharge. In an addendum to the motion, it was argued that the prosecution engaged in

---

1. Even though the appellant incorrectly styled his application as a Motion to Quash, it will be treated as a Writ of Habeas Corpus. *Commonwealth v. Ballard,* 501 Pa. 230, 460 A.2d 1091 (1983).

misconduct by "tactically maneuever [sic] defendant's answers" on cross-examination so they "could be construe[d] to be false[] for the purpose of charging him ... with perjury." Also, the appellant alleged that he was placed "twice in jeopardy" by being held for trial in the face of insufficient evidence. On January 2, 1985, the motion was denied.

On January 7, 1985, the appellant filed a pro se notice with the Clerk of Courts of Cambria County that he was appealing the order. In this notice, the appellant acknowledged that his appeal was interlocutory, but he asserted that Rules 1701(a), 311(a)(7), (d)(ii) and 501 of the Pennsylvania Rules of Appellate Procedure, along with Sections 701 and 742 of the Judicial Code, 42 Pa.C.S.A., authorized the appeal as "a matter of right". Additionally, he set down that Rules 1701(a) and 341 "stay[ed] any further action in th[e] matter" with his notice of appeal. Lastly, upon application filed with the court below, the appellant was permitted to proceed in *forma pauperis.*

By per curiam order issued May 1, 1985, this Court remanded for the disposition of the appellant's motion for the appointment of counsel. Prior to the remand, the court below relieved initial (appointed) counsel of his obligation to represent the accused, and it directed appellant to file for representation with the public defender's office.

During the pendency of the appeal, newly selected counsel filed an omnibus pre-trial motion, which included a: 1) Motion To Quash Information; 2) Motion For Polygraph Examination; 3) Motion To Transcribe Testimony (of the preliminary hearing); 4) Motion For Psychiatric Examination; and 5) Motion To Sever. A hearing was held on February 27, 1985, the outgrowth of which was the grant of all but Points 1, 2, 4 and 5. Of interest here are the remarks of counsel at the commencement of the hearing; to-wit:

> Your Honor, I would wish to point out preliminarily under my duty as an officer of the Court that there was an order issued by Judge Abood on January 2, 1985, and

an interlocutory appeal taken by the Defendant during the period of time in which he did not have Counsel or when Counsel was in the process of withdrawing but not actually withdrawing, on the issue of the motion to quash.

In support of its ruling on the Motion to Quash, the court below articulated its reasons, which, in essence, relied on *Commonwealth v. Hess*, 489 Pa. 580, 414 A.2d 1043 (1980) to find no compelling need to grant the appellant relief. As opined by the court:

In short, there is nothing in the record to justify a finding of "exceptional circumstances" and the defendant has made no showing of same which would warrant immediate review by this court of the district justice's finding of a prima facie case.

Thereafter, on July 8–9, 1985, the appellant was found guilty of perjury by the Hon. Eugene A. Creany. Post-verdict motions questioned the sufficiency of the evidence and sought an arrest of judgment "because the trial court was without jurisdiction to hear the matter." This, counsel offered, was predicated upon the fact that Superior Court retained jurisdiction of the case with its remand of May 1.

No judgment of sentence appears to have been entered by the trial court, and, from our examination of the record and briefs of counsel, the order of January 2, 1985 is before us for consideration.

Counsel for the appellant frames at page two of his brief the following issues for our determination:

I   Did the Court improperly refuse to grant the Defendant's Motion To Quash?

II  Did the Court of Common Pleas have authority to proceed with a non-jury trial following the entry of the Notice of Appeal?

In response to the first issue, we find, as did the court below, the decision of *Commonwealth v. Hess, supra,* to be controlling.

*Hess* dealt with the appealability of a district justice's determination that a prima facie case had been established by the prosecution. After such a finding was made, the prosecution filed an information charging the defendant with perjury. Thereafter, he submitted various pre-trial motions, one of which was a petition to quash the information. When the petition was dismissed, and the Common Pleas Court refused to certify the matter for appeal, the appellant took it upon himself to file an appeal with this Court challenging the dismissal order. The response of the District Attorney was to contest the action in the form of a motion to quash on the basis that the order was interlocutory. This Court, in its prudence, certified the case to the Supreme Court. In holding that the order was not subject to immediate pre-trial review, the high Court stated:

> Although it has been deemed appropriate to permit immediate review by the court of common pleas of the finding of a prima facie case by the district magistrate, a balancing of the further disruption of the trial process against the harm to the accused weighs in favor of barring immediate appellate review unless "exceptional circumstances" are present. *See Commonwealth ex rel. Riggins v. Superintendent of Phila. Prisons,* 438 Pa. 160, 263 A.2d 754 (1970); *Commonwealth ex rel. Boatwright v. Hendrick,* 436 Pa. 336, 260 A.2d 763 (1969); *Commonwealth v. Lindsley,* 241 Pa.Super. 522, 524, 366 A.2d 310 (1976). Thus, under prior case law it is firmly established that the denial of a habeas corpus claim, based upon the insufficiency of the evidence presented to the issuing authority, without a showing of exceptional circumstances (which have not been argued here), will not provide a basis for immediate appellate review.

*Commonwealth v. Hess, supra,* 489 Pa. at 589, 414 A.2d at 1048.

■ It is the appellant's contention that the "exceptional circumstances" alluded to in *Hess,* as a caveat to the unappealability of a district justice's prima facie determination, is satisfied by his allegation that "he was forced to undergo

an injustice of being required to stand trial for a crime that has never been wholly established or proven at the Preliminary Hearing." We interpret such a claim to be no more than a mere subterfuge for an assault on the sufficiency of the evidence, an assertion addressed in *Hess* as not coming within the ambit of the "exceptional circumstance" criterion. Thus, following the lead of our Supreme Court, especially in light of its recent reaffirmance of the rationale in *Hess* (see *Commonwealth v. Ballard*, 501 Pa. 230, 460 A.2d 1091 (1983)), we will quash the appellant's appeal.[2]

Intertwined with the appellant's second issue is a scenario hereinbefore not confronted by an appellate court in this Commonwealth. It begins with the appellant perfecting an interlocutory appeal, followed, thereafter, by a remand for the performance of certain perfunctory matters. After compliance with the dictates of the remand, the court below proceeded to conduct a non-jury trial in which the appellant was found guilty.

The issue, simply stated, is whether the appellate court had retained jurisdiction, even after remand, so as to preclude the court below from engaging in any activity other than that delineated in the order.

■ Generally, in our judicial scheme of civil and criminal justice, a trial court can no longer proceed further in a matter "after an appeal is taken". Pa.R.App.P. 1701(a). This precept has its roots in common law, as exemplified by the remarks in *Gilbert v. Lebanon Valley Street Railway Co.*, 303 Pa. 213, 218, 154 A. 302, 304 (1931) that a court of first instance was without jurisdiction to proceed with a cause after the record had been removed to an appellate court. This rule still applies in the absence of a statute providing otherwise. See, e.g., *Hodge v. Me-Bee Co.*, 429

---

**2.** Accord *Commonwealth ex rel. Gordy v. Lyons*, 434 Pa. 165, 252 A.2d 197 (1969); *Commonwealth ex rel. Bittner v. Price*, 428 Pa. 5, 235 A.2d 357 (1967); *Commonwealth v. Byrd*, 421 Pa. 513, 219 A.2d 293 (1966); *Commonwealth ex rel. Fisher v. Stitzel*, 418 Pa. 356, 211 A.2d 457 (1965); *Commonwealth v. Lindsley*, 241 Pa.Super. 522, 366 A.2d 310 (1976); *Commonwealth ex rel. Nicholas v. Hendrick*, 197 Pa.Super. 646, 180 A.2d 88 (1962).

Pa. 585, 590 n. 1, 240 A.2d 818, 821, n. 1 (1968); *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965); *Sowers Estate,* 383 Pa. 566, 573–574, 119 A.2d 60, 64 (1956); *Harwood v. Bruhn,* 313 Pa. 337, 341–342, 170 A. 144–145 (1934); *Ewing v. Thompson,* 43 Pa. 372, 376–377 (1862).

In Pennsylvania, Rule 1701(a) curtails the authority of a trial court upon the perfection of an appeal. Nonetheless, the restraint to be exercised is not without its exceptions. For example, as herein relevant, a trial court may:

(5) Take any action directed or authorized on application by the appellate court.

(6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order. Pa.R.App.P. 1701(b)(5) & (6).

It will be recalled that the appellant appealed the denial of his Motion to Quash, and, this, in turn, was docketed by the prothonotary of this Court at No. 130 Pittsburgh 1985. In response to another motion submitted to this Court on April 17, 1985, a per curiam order was entered that read:

AND NOW, to-wit, this 1st day of May, 1985, upon consideration of the Petition for Extension of Time, the above-captioned appeal is remanded to the Court of Common Pleas of Cambria County for the disposition of appellant's motion for appointment of counsel. New counsel shall forthwith enter his appearance and a new briefing schedule shall be entered.

The assignment of counsel was effectuated on May 7, 1985, and was, thereafter, followed by the commencement of a trial which culminated in the appellant being adjudged guilty of perjury. Post-verdict motions were filed challenging, inter alia, the competency of the court to act in the face of an appeal "pending" before Superior Court on the Motion to Quash. The trial court did not respond to this assertion, nor did it sentence the appellant. Nevertheless, the record reveals that the documents in the case were (again) transferred to Superior Court on October 16, 1985, and the case

appears to have been assigned the original number and term given to the appellant's initial appeal.

■ We are of the opinion that, under this Court's remand order, the record was remitted for the purpose of allowing counsel, if and when one were ultimately appointed, to review the facts underlying his client's Motion to Quash. Otherwise, counsel's appointment, without the correlative ability to review the record, would have been meaningless. More importantly, however, we find that, since the interlocutory appeal came about following the effective date (September 15, 1983) of Rule 1701(b)(6), neither the appeal from the denial of the January 2, 1985 pre-trial order nor the remand directive dated May 1, 1985 impaired the ability ("jurisdiction") of the court below to proceed with the appellant's trial. See *Commonwealth v. Hall*, 327 Pa.Super. 390, 476 A.2d 7 (1984) and compare with *Commonwealth v. Hollis*, 304 Pa.Super. 1, 450 A.2d 70 (1982).

Our conclusion conforms with the strictures of Pa.R. App.P. 2591(a), which provides:

On remand of the record the court ... below shall proceed in accordance with the judgment or other order of the appellate court and, *except as otherwise provided in such order*, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter. (Emphasis added)

In compliance with Rule 1701(b)(5), this tribunal directed in its remand order that the court below was to respond to the appellant's request for counsel, and that, in conformity with the statutorily created rules governing the argument of appellate cases (see Rules 1934, 2311 & 2312, Pa.R.App. P.), the Motion to Quash would be finally decided upon the issuance of a new briefing schedule necessitated by the remand. See Pa.R.App.P. 2313; see also Pa.R.App.P. 3714 (Commonwealth Court). Further, nowhere in the remand order did this Court preclude the court below from proceeding forward with any matter relating to the appellant's case. In other words, the resolution of the appellant's Motion to Quash in no way abrogated the jurisdiction of the

court below to act to bring the accused to justice during the pendency of the appeal. See *Commonwealth v. Hall, supra.*

However, inasmuch as a person convicted of a crime does not have a right to appeal before judgment of sentence is entered, see *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A.2d 780 (1954), we need not and will not review the sufficiency of the evidence to sustain the verdict.

Accordingly, having treated the only legitimate issues before us, we conclude that the appellant's appeal from the January 2, 1985 order must be quashed.

Order quashed.