519 A.2d 971

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Timothy WILLIAMS (Two Cases).**

Superior Court of Pennsylvania.

Argued April 10, 1986.

Filed Dec. 24, 1986.

Jill R. Cohen, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Donald Bronstein, Assistant Public Defender, Philadelphia, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

These are consolidated appeals from the order below which arrested judgment and the second order which vacated the order arresting judgment and corrected a clerical error on the bill of information. Appellant, the Commonwealth, contends that the lower court had no authority to issue either order. For the reasons that follow, we vacate the order arresting judgment and affirm the second order to the extent that it corrected a clerical error in the record.

On June 4, 1985, appellee was tried without a jury and found guilty of aggravated assault, recklessly endangering another person, and possessing an instrument of crime. In announcing the verdict, the trial court did not specify whether the aggravated assault was graded as a felony or a misdemeanor.[1] The bill of information, however, reflected

---

1. 18 Pa.C.S.A. § 2702 provides in relevant part:

 (a) Offense defined.—A person is guilty of aggravated assault if he:

a guilty verdict for felony aggravated assault, and the bill was later signed by the trial court. On August 13, 1985, at sentencing, the court was asked to clarify the verdict. The court indicated that it intended to convict appellee of misdemeanor aggravated assault. In an attempt to correct the discrepancy between the intended verdict and that reflected on the bill, the court entered an order arresting judgment on the felony aggravated assault and substituting a conviction for misdemeanor aggravated assault. Appellant timely appealed from this order. On September 12, 1985, the trial court entered a second order which vacated the August 13, 1985 order and struck the notations on the bill of information reflecting entry of a guilty verdict for felony aggravated assault. In its September 12, 1985 order, the court stated that, in announcing the verdict on June 4, 1985, it intended to find appellee guilty of misdemeanor aggravated assault, and that the notations on the bill to the contrary resulted from a clerical error. Appellant timely appealed this order and the two appeals were thereafter consolidated.

Appellant first contends that the trial court had no authority either to arrest judgment via its August 13, 1985 order or to vacate the August 13, 1985 order with its September 12, 1985 order. We agree.

■ Appellee does not contest that the trial court had no authority to arrest judgment because sufficient evidence was presented to establish the elements of felony aggravated assault. *See* Brief for Appellee at 5 n. 3. *See also Commonwealth v. Parker*, 305 Pa.Superior Ct. 516, 523–24, 451 A.2d 767, 770 (1982) (in considering motion in arrest of

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life;

\* \* \* \* \* \*

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

\* \* \* \* \* \*

(b) Grading.—Aggravated assault under subsection (a)(1) ... is a felony of the second degree. Aggravated assault under subsection (a) ... (4) ... is a misdemeanor of the first degree. *Id.*

judgment, trial court is limited to determination of absence or presence of that quantum of evidence necessary to establish elements of crime). Moreover, the trial court had no power to vacate the arrest of judgment because appellant took an appeal from the August 13, 1985 order. *See* 42 Pa.C.S.A. § 5505 (court may modify or rescind order within thirty days if no appeal has been taken or allowed). The appeal having been taken, however, the validity of the August 13, 1985 order is properly before this Court. We conclude that the trial court had no power to arrest judgment and, accordingly, vacate the order of August 13, 1985.

Appellant next contends that the trial court had no power to issue its September 12, 1985 order, to the extent that it attempted to correct a clerical error in the record. In support of this contention, appellant maintains that (1) there is no statute or rule of appellate procedure that justifies the court's action; (2) there is no evidence to indicate that the trial court intended to convict appellee of anything but felony aggravated assault; and (3) there is no evidence that an error was made in recording the original verdict. Appellant concludes that the court's order, rather than an attempt to correct a clerical error, was no more than a reevaluation of the intended verdict and an attempt to alter it. We disagree.

 A court has no authority to change a previously recorded guilty verdict if the change is based on a post-verdict factual redetermination. *Commonwealth v. Parker,* 305 Pa.Superior Ct. 516, 521–22, 451 A.2d 767, 769 (1982). It is well-settled, however, that a court possesses the inherent power to correct clerical errors appearing either in the record or in its orders. *Commonwealth v. Cole,* 437 Pa. 288, 293, 263 A.2d 339, 341 (1970); *Commonwealth v. McDonald,* 285 Pa.Superior Ct. 534, 537, 428 A.2d 174, 175 (1981). Moreover, the power to correct errors extends to improperly recorded verdicts; thus, a court may correct a recorded verdict if the verdict does not reflect the obvious intention of the trier of fact. *Commonwealth v. Huett,* 462 Pa. 363, 368, 341 A.2d 122, 124 (1975); *Commonwealth v.*

*Allen*, 287 Pa.Superior Ct. 88, 99, 429 A.2d 1113, 1118 (1981). Under Pennsylvania's Rules of Appellate Procedure, the trial court retains its power to correct such errors even after an appeal has been taken:

> If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, *or the lower court either before or after the record is transmitted to the appellate court,* or the appellate court, on proper suggestion or of its own initiative, *may direct that the omission or misstatement be corrected,* and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court.

Pa.R.A.P. 1926 (emphasis added).

Here, upon review of the record, we are satisfied that the listing of appellee's conviction as felony aggravated assault on the bill of information resulted from a clerical error and that the trial court had the power to correct that error. In announcing its verdict, the court stated, "I find you guilty of aggravated assault, assault with a deadly weapon, possession of instrument of crime, generally, and recklessly endangering." N.T. June 4, 1985 at 100. The court did not specify the grading for the aggravated assault conviction. At sentencing, when asked to clarify the verdict, the court indicated that its intention was to convict appellee of misdemeanor aggravated assault. N.T. August 13, 1985 at 5. In explaining the verdict, the court noted that "it was one of these emotional situations in which he did very serious injury. I don't think there was the intent to do the kind of injury that actually occurred, and therefore, I will grade this as an M–1...." *Id.* This clarifying statement went right to the heart of the distinction between

felony and misdemeanor aggravated assault: *i.e.,* the presence or absence of "circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). The court then attempted to correct the improperly recorded verdict, first by arresting judgment, and second by issuing an order correcting the clerical error on the bill of information to reflect a guilty verdict for aggravated assault as a misdemeanor rather than a felony. There is no evidence indicating that the court changed the verdict based on a factual redetermination. Instead, as the court noted in its opinion, the confusion resulted from the conviction improperly being noted as a felony on the bill of information. Lower Court Opinion at 2. The trial court explained that this notation "apparently had been entered by a court clerk who assumed that there had been an F–2 adjudication." *Id.* We have no reason to disbelieve the trial court's explanation that the discrepancy between the verdict intended and the verdict recorded resulted from this clerical error. Thus, we find that the court was not changing the verdict, as appellant alleges, but merely correcting the clerical error in the record to insure that appellee was not mistakenly convicted of a more serious offense. We conclude that the trial court intended to convict appellee of aggravated assault graded as a misdemeanor, that a clerical error resulted in the verdict being noted as a felony on the bill of information, and that the court's September 12, 1985 order fell within the power of a court to correct a verdict to conform to the intention of the trier of fact. *See Commonwealth v. Huett, supra.*

For the foregoing reasons, we vacate the order arresting judgment and affirm the second order to the extent that it corrected a clerical error on the bill of information to reflect a conviction for aggravated assault as a misdemeanor of the first degree.

The order of August 13, 1985 is hereby vacated. The order of September 12, 1985 is vacated to the extent that it vacated the order of August 13, 1985, and is affirmed to the

extent that it corrected the clerical error on the bill of information.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

At sentencing, the court arrested judgment because of its erroneously entered verdict of guilty for (felony) aggravated assault and entered instead the intended verdict of guilty for misdemeanor aggravated assault. The Commonwealth took an appeal from the August 13, 1985 order doing so.

The Majority concludes that the court below had no authority to arrest judgment and, therefore, vacates the August 13 order.

Initially, I would like to give some discussion to the appealability of the order. Under *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the United States Supreme Court had occasion to discuss in detail in what instances should the government be permitted to appeal an order or judgment favorable to the defendant.

In *Wilson*, the defendant had been convicted by a jury of converting union funds, but on post-verdict motions the District Court dismissed the indictment. The Court ruled that the delay between the offense and the indictment had prejudiced the defendant, and that dismissal was called for under a decision of the United States Supreme Court.

On certiorari, the United States Supreme Court addressed the right of the government to appeal, and, after concluding that such a right existed, reversed the District Court's ruling. In the course of doing so, it wrote:

A system permitting review of all claimed legal errors would have symmetry to recommend it and would avoid the release of some defendants who have benefited from instructions or evidentiary rulings that are unduly favorable to them. But we have rejected this position in the past, and we continue to be of the view that the policies

underlying the Double Jeopardy Clause militate against permitting the Government to appeal after a verdict of acquittal. Granting the Government such broad appeal rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant's guilt after having failed with the first; it would permit him to re-examine the weaknesses in his first presentation in order to strengthen the second; and it would disserve the defendant's legitimate interest in the finality of a verdict of acquittal. *These interests, however, do not apply in the case of a postverdict ruling of law by a trial judge. Correction of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions. We therefore conclude that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.*

420 U.S. at 352–53, 95 S.Ct. 1013 (Emphasis added; footnote omitted).

Applying these precepts to the present case is a relatively straightforward task. The trial judge found the defendant guilty of (felony) aggravated assault. The ruling was arrested and a verdict of guilty of misdemeanor aggravated assault was entered in its stead. The Government's appeal would not subject the defendant to a second trial at the prosecution's behest. If the defendant prevails on appeal, the matter will become final, and the Government will not be permitted to bring a second prosecution against him for the same offense. If he loses, the case will result in a reinstatement of the initial verdict. Id. As a result, the appeal from the August 13 order is properly before us for review given the question of law raised. See *Commonwealth v. Rawls*, 501 Pa. 514, 462 A.2d 619 (1983); *Commonwealth v. Tabb*, 417 Pa. 13, 207 A.2d 884 (1965).

I am not as quick to conclude, as the Majority does *without discussion*, that "the trial court had no power to arrest judgment" by its order of August 13.

To start with, it is well-settled in this Commonwealth that "[e]very court of record has the power to amend its records to make them conform to the facts." *Mid-City Bank & Trust Co. v. Myers et al.*, 343 Pa. 465, 471, 23 A.2d 420, 424 (1942). (Citations omitted). Accord *Commonwealth v. Smith*, 209 Pa.Super. 487, 229 A.2d 18 (1967). This is true even in criminal cases. *Commonwealth v. Liscinsky*, 195 Pa.Super. 183, 171 A.2d 560 (1961).

An example of a court's inherent power to correct errors on its records is *Commonwealth v. Meyer*, 169 Pa.Super. 40, 82 A.2d 298 (1951).

In *Meyer*, a jury found the defendant guilty of aggravated assault and battery. Post-verdict motions were withdrawn and the defendant appeared for sentencing pleading leniency. He also presented evidence of an agreement with the victim to pay the sum of $2,500 in settlement of a civil suit for damages. All parties and counsel concerned were in accord that a jail term should not be imposed.

Based on the considerations mentioned, the court orally from the bench placed the defendant on probation conditioned upon the payment of a set sum of money to the county ($500) together with the costs in the case.

In entering the order of the court on the docket, the clerk of court "erroneously and without authority included the payment of $2,500 'to the victim' as 'the *sentence* of the court'." 169 Pa.Super. at 42, 82 A.2d at 300 (Emphasis in original). No sentence had yet been issued, and the payment of $2,500 remained the obligation of the defendant based on an agreement with the victim and not because of any sentence of the court.

The error was not brought to the court's attention until seventeen (17) months had elapsed. Nonetheless, the court substituted the original order with a corrected order suspending sentence, placing the defendant on probation and conditioning release upon the payment of $500 to the county.

Four (4) months thereafter, upon learning that the defendant had failed to perform his agreement with the

victim, the corrected order was vacated and the defendant was imprisoned. On appeal, the defendant assailed the court's vacation of the corrected order. In affirming the actions of the court below, because of the defendant's misrepresentation of his intention or state of mind as to being penitent and therefore unworthy of probation, the appellate court touched on the issue before this Court concerning the ability of a court to rectify an error of record. It was stated this way:

> The court clearly had the power to correct the clerical errors in the docket entry of the oral order of the court, suspending sentence and placing the defendant on probation. If an entry upon the records of the court is inaccurate it will be corrected when called to the court's attention "to the end that it may speak the truth." *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 56 S.Ct. 760, 762, 80 L.Ed. 1283. The law of this State conforms with the general rule that such clerical errors may be corrected by amendment even in a criminal case, *Sharff v. Commonwealth*, 2 Bin. 513; the order in the instant case, which merely made the record conform to the facts, clearly was a proper exercise of the power of the court. *Commonwealth v. Silcox*, 161 Pa. 484, 496, 29 A. 105.

Instantly, as in *Meyer*, the clerk had entered an erroneous order on the record. The fact that in *Meyer* it was on the docket, whereas at bar it was on the official bills of information is of no moment. The essence of inquiry is the same, i.e., the scope of the court's power to correct errors of record wherever they may surface. See 10 P.L.E. Courts § 89.

It is uncontested that the trial court, at the time set for sentencing, acknowledged that its verdict announcing the defendant guilty of aggravated assault (generally) on June 4, 1985, which was thereafter transposed to the bills of information *by the clerk as a felony-two conviction* and signed by the court, was not a true reflection of its intention as a jurist. Compare *Commonwealth v. Minoff*, 363 Pa. 287, 298, 69 A.2d 145, 151 (1949) (trier-of-facts inten-

tions clear); *Commonwealth v. Cohan*, 177 Pa.Super. 532, 546, 111 A.2d 182, 188 (1955) (semble). This doubt as to the intent of the trier-of-fact, when documented in a general finding of guilty of aggravated assault, cannot be gainsaid to work a hardship upon the defendant since his *sentence* could not be imposed in accordance with the verdict as entered. The reason is quite simple, i.e., the felony and misdemeanor grades of the offense charged carry varying sentences depending upon the degree of the guilt involved.[1]

Thus, it was incumbent upon the court to clarify and correct the record as to the exact verdict, in terms of the degree of guilt, it intended to enter at the conclusion of the trial. Cf. *Commonwealth v. Craig*, 471 Pa. 310, 313, 370 A.2d 317, 319 (1977) ("... it should be noted that the court acted properly when it returned the jury for a determination of degree of guilt. To correct an error of substance in a verdict prior to recording, the court may send the jury back with additional instructions for further deliberation." (Citations omitted)); 10A P.L.E. Criminal Law § 756. A matter (a question of mistake) which was a proper subject for the court below to decide. See *Commonwealth ex rel. Paylor v. Claudy*, 173 Pa.Super. 336, 342, 98 A.2d 468, 470 (1953); *Commonwealth v. Mount*, 172 Pa.Super. 258, 262, 93 A.2d 887, 888 (1953).

The point in the judicial process at which the correction occurred was proper since such action can occur even beyond the term of the court (see *Liscinsky*, supra), with the exceptions thereto not herein applicable because, for example, *no appeal had been taken from the August 13 order*. See 42 Pa.C.S. § 5505. None could have been taken since no judgment of sentence had yet been issued. *Commonwealth ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A.2d 244 (1951) (the judgment in a criminal case is the sentence and not the conviction; final judgment in a criminal case means sentence). The August 13 order merely altered the *verdict* to

---

1. Felony of the second degree carries a sentence of not more than ten (10) years. 18 Pa.C.S. § 1103(2)(a).

 Misdemeanor of the first degree carries a sentence of not more than five (5) years. 18 Pa.C.S. § 1104(1).

correspond with the true intention of the jurist, which was inadvertently distorted with the transcription of the verdict onto the bills of information by the clerk of the trial court. I find such action to have been imminently proper under settled case law. See 10 P.L.E. Courts § 89 (Collecting cases).

The fact that the remedial measure occurred at the time set for sentencing (this being the first occasion it was brought to the court's attention), and took the form of an arrest of judgment, in no way detracts from the legitimacy of the course pursued. Cf. *Commonwealth v. Blum*, 210 Pa.Super. 529, 534, 233 A.2d 613, 615 (1967) ("In Pennsylvania motions in arrest of judgment or motion for a new trial should be disposed of before sentencing *or in the course of sentencing.*" (Citation omitted)).

The conduct of the court below was in accordance with its inherent power to remedy any inadvertance or omission in order that the record may conform to the actual facts. *Commonwealth v. Burdell*, 176 Pa.Super. 219, 229, 107 A.2d 739, 744 (1954), rev'd on other grounds, 380 Pa. 43, 110 A.2d 193 (1955). I offer that this is what transpired with the court's issuance of the August 13 order.

Most interestingly, we have the court, who sat as the trier-of-fact, telling us that the recordation of the verdict by its clerk was a mistake. Since it is the duty of the court to see that the record is absolute verity as to the facts as they took place, I would hold that the August 13 order arresting judgment by the court—in actuality, to rectify the record—was proper as an exercise of its supervisory powers with regard to its records. *Id.* Further, neither the Majority Opinion nor the Commonwealth contends that the correction ordered by the court was not in conformity with the facts.

I find, concluding that the court below acted properly as to its August 13 order, the actions of both the Commonwealth and the court below in pursuing the subject further after the August 13 order *had been appealed* to be *ultra vires.*

As this Court has recently stated in *Commonwealth v. Burkett*, 352 Pa.Super. 350, 356, 507 A.2d 1266, 1269 (1986):

Generally, in our judicial scheme of civil and criminal justice, a trial court can no longer proceed further in a matter "after an appeal is taken". Pa.R.App.P. 1701(a). This precept has its roots in common law, as exemplified by the remarks in *Gilbert v. Lebanon Valley Street Railway Co.*, 303 Pa. 213, 218, 154 A. 302, 304 (1931) that a court of first instance was without jurisdiction to proceed with a cause after the record had been removed to an appellate court. This rule still applies in the absence of a statute providing otherwise. See, e.g., *Hodge v. MeBee Co.*, 429 Pa. 585, 590 n. 1, 240 A.2d 818, 821, n. 1 (1968); *Corace v. Balint*, 418 Pa. 262, 210 A.2d 882 (1965); *Sowers Estate*, 383 Pa. 566, 573–574, 119 A.2d 60, 64 (1956); *Harwood v. Bruhn*, 313 Pa. 337, 341–342, 170 A. 144–145 (1934); *Ewing v. Thompson*, 43 Pa. 372, 376–377 (1862).

In Pennsylvania, Rule 1701(a) curtails the authority of a trial court upon the perfection of an appeal.

Accord 10A P.L.E. Criminal Law § 900.

Therefore, based on the logic of *Burkett*, the actions of the Commonwealth and the court below following the appeal of the August 13 order are a nullity. Thus, in contradistinction to the position taken by the Majority, I would affirm the order of August 13 and vacate the September 12 order and subsequent appeal taken therefrom.