J-A06002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
        v.   :
  :
  :
JARREN CROSBY   :
  :
        Appellant   :   No. 176 WDA 2022

Appeal from the Judgment of Sentence Entered November 1, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004015-2020

BEFORE:   OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:         **FILED: May 9, 2023**

Appellant, Jarren Crosby, appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on November 1, 2021, as made final by the denial of his post-sentence motion on January 21, 2022. We affirm Appellant's judgment of sentence, but remand for the correction of a scrivener's error.

The trial court summarized the relevant facts of this case as follows:

> On May 8, 2020, at 6:04 p.m., the Frazier Police Department received a 9-1-1 dispatch call for a rollover vehicle accident. Sergeant Aaron Scott and Officer Samuel Greco responded to the accident. … Sergeant Scott testified that upon arrival, he observed a black Ford Fusion overturned in a grassy patch beyond the curb. [Appellant] and LeAnn Evans were outside of the vehicle, and [] Evans was talking on a cellular telephone. Sergeant Scott asked who was operating the vehicle, and [Appellant] stated that he was [the operator]. Sergeant Scott then asked if there were any injuries, to which [Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

stated he had some back soreness. Neither [Appellant] or [] Evans would provide the officers with identification or their name.

While speaking with [Appellant], Sergeant Scott noticed that he had bloodshot and glassy eyes and there was an odor of marijuana emanating from [Appellant] and the [Ford] Fusion. Officer Greco testified that [Appellant] appeared "to be under the influence of some sort of drug or controlled substance."

\*\*\*

Due to the accident, and [the officer's] physical observations, Sergeant Scott and Officer Greco advised [Appellant] and Evans that they were going to be detained while they investigated [Appellant for driving under the influence ("DUI")]. At that time, Officer Greco testified that [Appellant] became "very angry at [the officer's] questions to identify himself and he refused to sit back down on the curb." Officer Greco then began to place [Appellant] in handcuffs. After Officer Greco had one arm into a handcuff, [Appellant] refused to cooperate and began to scream and pull away. … Officer Greco then put [Appellant] onto the ground in a continued effort to put [Appellant] into handcuffs, and [Appellant] continued his resistance. Ultimately, [Appellant] provided Officer Greco with his arm after use of a "dry stun" from Officer Greco's [T]aser.

[Appellant] did not participate in any standardized field sobriety tests and he refused to submit to a blood draw.

Trial Court Opinion, 4/26/22, at 4-6. Thereafter, on August 12, 2020, the Commonwealth charged Appellant with one count of DUI of alcohol or a controlled substance; one count of recklessly endangering another person ("REAP"); one count of resisting arrest; one count of disorderly conduct; one count of false identification to law enforcement; and two summary offenses, careless driving and driving at a safe speed.

Appellant was set to proceed to trial on November 1, 2021.

> [On the day of trial, however,] the Commonwealth requested a continuance . . . so that a written motion to amend the criminal information could be filed. Over [Appellant's] objection, the request for continuance was granted. Shortly thereafter, the parties advised the [trial court] that they wanted to proceed, and an oral motion to amend the criminal information was placed on the record. Specifically, the Commonwealth requested that [the original charge set forth in count one, 75 Pa.C.S.A. § 3802(a)(1),] be amended to be charged under 75 Pa.C.S.A. § 3802(d)(2), an ungraded misdemeanor, as it was alleged that [Appellant] was operating the vehicle under the influence of a controlled substance and not alcoholic beverages. Counsel for [Appellant] did not object to the oral request to amend the information, and the Commonwealth's motion was granted.
>
> Thereafter, the matter proceeded to a non-jury trial. At the conclusion of the Commonwealth's case-in-chief, []the trial court granted [Appellant's] motion for judgment of acquittal as to the count of [REAP. Then, at] the conclusion of the evidence, [Appellant] was found guilty of [DUI – controlled substance[1]], resisting arrest,[2] and careless driving.[3] [Appellant] was found not guilty of disorderly conduct, false identification to law enforcement, and driving at a safe speed.

Trial Court Opinion, 4/26/22, at 2-3 (footnotes added) (superfluous capitalization omitted). After trial, Appellant waived his right to a pre-sentence report and the matter proceeded to sentencing. Appellant was sentenced, in the aggregate, to serve four days in the DUI Alternative to Jail Program, 15 months' probation, and to pay fines and court costs. N.T. Trial, 11/1/21, at 95-95.

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] 18 Pa.C.S.A. § 5104.

[3] 75 Pa.C.S.A. § 3714(a).

On November 9, 2021, Appellant filed a post-sentence motion for judgment of acquittal and a motion to stay his sentence. On January 21, 2022, the trial court denied Appellant's post-sentence motion, but granted Appellant's motion to stay his sentence, pending appeal. **See** Trial Court Order, 1/21/22, at 1; **see also** Trial Court Order 1/21/22, at 1. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Whether the evidence was insufficient to convict [Appellant] of DUI where the Commonwealth failed to prove, beyond a reasonable doubt, that he was incapable of driving as a result of consuming drugs?

2. Whether the evidence was insufficient to convict [Appellant] of [r]esisting [a]rrest where the Commonwealth failed to prove, beyond a reasonable doubt, that he created a substantial risk of bodily injury to the police officers?

Appellant's Brief at 6.

Herein, Appellant challenges the sufficiency of the evidence to support his convictions for DUI – controlled substance and resisting arrest. Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined

- 4 -

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (citations omitted).

In his first issue, Appellant argues that the Commonwealth presented insufficient evidence to sustain his conviction for DUI – controlled substance. Appellant's Brief at 15-23. In sum, Appellant claims that the Commonwealth failed to "demonstrate that [his] blood shot eyes, slurred speech, unsteadiness, and erratic behavior [resulted from his] use of marijuana, as opposed to the product of the accident itself." *Id*. at 22. Appellant's claim lacks merit.

Section 3802 of the Motor Vehicle Code in relevant part, provides,

**(d) Controlled substances**. --An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

**(2)** The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2). "[T]o convict a defendant under this section, the Commonwealth must establish three elements: [(1)] that the defendant drove; [(2)] while under the influence of a controlled substance; and [(3)] to

a degree that impairs the defendant's ability to drive safely." ***Commonwealth v. Spence***, 290 A.3d 301, 309 (Pa. Super. 2023), *citing **Commonwealth v. Griffith***, 32 A.3d 1232, 1239 (Pa. 2011). Importantly, this Court has previously held that "[e]vidence of consumption of a drug, standing alone, is insufficient to prove impairment." ***Spence***, 290 A.3d. at 309 (citation omitted). "Instead, impairment evidence should be drawn from the totality of the factual circumstances." ***Id.***, *citing **Commonwealth v. DiPanfilo***, 993 A.2d 1262 (Pa. Super. 2010).

Here, both Sergeant Scott and Officer Greco testified during Appellant's trial. Sergeant Scott, who has approximately 11 years' experience, testified that, on the day in question, he and Officer Greco responded to an emergency call which reported a single-vehicle rollover accident. N.T. Trial, 11/1/21, at 15-16. Sergeant Scott also explained that, at the time of the accident, there "was no weather-related condition that would have contributed to the accident." Trial Court Opinion, 4/26/22, at 8; ***see also*** N.T. Trial, 11/1/21, at 25. When the officers arrived, they observed Appellant's Ford Fusion overturned, with Appellant and Evans outside of the vehicle. ***Id.*** at 18. The officers approached Appellant, who identified himself as the driver upon questioning. ***Id.*** At that time, the officer's testified they detected the smell of marijuana about Appellant's person, as well as the Ford Fusion. ***Id.*** at 18 and 49. In addition, Sergeant Scott testified Appellant had bloodshot, glassy eyes. ***Id.*** at 19. Moreover, Officer Greco stated that Appellant "seemed to be under the influence of some sort of drug or controlled substance" because

he was not "answering [Officer Greco's] questions . . . [his] speech [] was . . . very slurred," he "had a very difficult time walking or staying standing," and was "unable to focus on one thing." *Id.* at 49. Based upon Officer Greco's observations, he attempted to arrest Appellant, but Appellant failed to cooperate, requiring the use of a Taser. *Id.* at 49-50. Appellant also refused to submit to field testing or a blood test. *Id.* at 50-51.

Upon review, we conclude that the Commonwealth presented sufficient evidence to sustain Appellant's conviction under Subsection 3802(d)(2). Indeed, the testimony clearly indicated that Appellant drove the Ford Fusion and that, on a clear day, Appellant was involved in a single-vehicle rollover accident. In addition, the testimony demonstrated that, upon approaching Appellant, the officers smelled marijuana emanating from Appellant's person and the Ford Fusion and that Appellant had glassy and bloodshot eyes, slurred speech and a difficult time walking or standing. As this Court previously indicated, such testimony is sufficient to sustain a conviction for DUI - controlled substance. *See DiPanfilo*, 993 A.2d at 1268-1269 (explaining that the evidence was sufficient to sustain the appellant's conviction under Subsection 3802(d)(2) after he was in a single-vehicle accident, failed to cooperate with police, and the officer testified that the appellant "appeared very lethargic, [moved] very slow, his speech was slurred and his skin had a grey appearance"); *see also Commonwealth v. Hutchins*, 42 A.3d 302, 308-309 (Pa. Super. 2021) (holding that, "even without the consideration of [the a]ppellant's blood test result," evidence that

the appellant had an "unusually calm demeanor" despite his daughters' injuries; the officer detected the smell of marijuana emanating from the appellant's vehicle; and the fact that the accident was undoubtedly the appellant's fault was sufficient to sustain the appellant's conviction under Subsection 3802(d)(2)). Therefore, weighing all the evidence in the light most favorable to the Commonwealth, as required, we conclude that there was sufficient evidence to sustain Appellant's conviction under Subsection 3802(d)(2).[4]

In his second issue, Appellant challenges his conviction for resisting arrest. Specifically, Appellant claims that the evidence presented at trial simply demonstrated that, incident to his arrest, Appellant and the police officer simply engaged in a "'minor scuffle'" and that Appellant "attempted to free himself from the officer's grasp[]." Appellant's Brief at 27 (citations omitted). Again, Appellant's claim lacks merit.

Section 5104 of the Pennsylvania Crimes Code defines resisting arrest or law enforcement as,

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a

---

[4] The written sentencing order states Appellant was convicted and sentenced under 75 Pa.C.S.A. § 3802(a)(1), not 75 Pa.C.S.A. § 3802(d)(2). *See* Trial Court Sentencing Order, at 1. In its 1925(a) opinion, the trial court indicated that this was a scrivener's error. *See* Trial Court Opinion, 4/26/22, at 6-8. Accordingly, while we affirm Appellant's conviction under Subsection 3802(d)(2), we remand to permit the trial court to resentence Appellant and correct this scrivener's error. *See Commonwealth v. Williams*, 519 A.2d 971, 974 (Pa. Super. 1986).

substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Stated another way, "Section 5104 criminalizes two types of conduct intended to prevent a lawful arrest: the creation of a substantial risk of bodily injury to the officer or anyone else or means justifying or requiring a substantial force to overcome." *Commonwealth v. Soto*, 202 A.3d 80, 95 (Pa. Super. 2018) (citations omitted), *appeal denied*, 207 A.3d 291 (Pa. 2019). Importantly, this Court previously explained that even evidence of "passive resistance requiring substantial force to overcome" will provide sufficient evidence for upholding a conviction for resisting arrest. *Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa. Super. 2007); *see also Commonwealth v. McDonald*, 17 A.3d 1282, 1286 (Pa. Super. 2011).

Herein, Officer Greco testified regarding the circumstances of Appellant's arrest. Specifically, he stated:

> I was able to get one arm into a handcuff. As soon as I put hands on him, he started to scream and pull away from me. It sounded like he was screaming at somebody on the phone because he was hard to talk to. I attempted to get his other hand into the handcuff, and it was not going well, so I took it upon myself to take him to the ground and then still try to get the handcuffs on him. He refused to give me his other hand, at which point I pulled my Taser out, pulled the cartridge out and did a dry stun close to his ear as a use of force, saying "[g]ive me your hand now," at which point he complied and gave me his hand, and I was able to place him into custody.

N.T. Trial, 11/1/21, at 49-50.

A review of Officer Greco's testimony reveals that, even though the altercation may not have created a risk of substantial injury to Officer Greco or others, Officer Greco needed to employ "substantial force to overcome [Appellant's] resistance" and effectuate an arrest. 18. Pa.C.S.A. § 5104. Indeed, Officer Greco had to take Appellant to the ground and deploy a Taser to place Appellant in handcuffs. Contrary to Appellant's claims, such testimony is sufficient to sustain a conviction for resisting arrest. *See Thompson*, 922 A.2d at 928 ("Appellant's argument completely ignores the statutory language of [S]ection 5104 criminalizing resistance behavior that requires substantial force to surmount."); *see also Commonwealth v. Clark*, 761 A.2d 190, 193 (Pa. Super. 2000) (sustaining the appellant's conviction for resisting arrest when the evidence demonstrated that the appellant "took a fighting stance, the officer had to pepper spray [him], and then chase him down traffic lanes before apprehending him"). In light of the foregoing, we conclude that the Commonwealth presented sufficient evidence to support the conviction of resisting arrest.

Judgment of sentence affirmed. Case remanded to correct sentencing order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023